Sharon Bridgewater

1524 Harvest Lane
Superior Township, MI 48198
Sbridge11@yahoo.com

1-734-276-2464

Leave to file GRANTED – but not ex parte

Amy B. Jackson
United States District Judge      Date 6/4/13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE No. 1:12 CV-1332(ABJ)

COMMITTEE ON OVERSIGHT AND
GOVERNMENT REFORM, UNITED
STATES HOUSE OF REPRESENTATIVES,

2157 Rayburn House Office Building
Washington, D.C. 20515-6143,

      Plaintiffs

Vs.

Eric Holder Jr.,
in his official capacity as the United States
Attorney General

United States Department of Justice )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530-0001

      Defendant,

**EX-PARTE APPLICATION AND/OR MOTION OF** Sharon Bridgewater, (A.K.A. Sharon Abusalem, Sharon Davis) individually and/or on behalf of the (B & B Building Maintenance INC., a dissolved Michigan and/or Georgia Corporation, Specialty Investment Group L.L.C. A dissolved Georgia Company and Specialty Global Investments Inc., a dissolved Nevada Corporation ), and Bridgewater & Company Inc. a California Corporation, **WITH LEAVE TO INTERVENE AS PLAINTIFFS**

-105-

RECEIVED
MAY 13 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
Mail Room
MAY 16 2013
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24  _____
25
26
27  Sharon Bridgewater, (A.K.A. Sharon Bridgewater, Sharon Abusalem, Sharon
28  Davis)individually and/or on behalf of the (B & B Building Maintenance INC., a dissolved
```

-106-

Michigan and/or Georgia Corporation, Specialty Investment Group L.L.C. A dissolved Georgia Company and Specialty Global Investments Inc., a dissolved Nevada Corporation, and Bridgewater & Company Inc. a California Corporation, MOTION TO INTERVENE. The Defendants brings this motion ex-parte and without notice to the Defendants as the Plaintiffs will suffer irreparable harm if notice is given to the Defendants.

1. The above mentioned parties hereby moves this Court for leave to intervene in this action as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2) and/or, alternatively, in permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). As grounds therefore, the United States states as follows:

2. The above mentioned parties is timely because the litigation is in it has not been dismiss.

3. The above mentioned parties will not create any delay. Thus, intervention by the United States at this time will not prejudice the existing parties.

4. The above mentioned parties has a substantial legal interest in the subject matter of the action because it involves documents, and material, and/or money Holder owes to the Plaintiff. Further this also have to do with "Obamas executive" – Order -Violence Against Womens Act signed into law on March7-8, 2013 and requires injunctive relief, and the need for addressing such legal issues.

5. The above mentioned interests are not adequately protected by the existing parties to the litigation. Because the above mentioned parties, represents the public interest on a national scale, and/or the Plaintiffs interest, and its interests align with the interests represented by the plaintiffs.

6. The above mentioned parties also satisfies the requirements for permissive intervention because its claims against the defendant have questions of law and fact in common with the

-107-

claims and facts at issue in the main action, and the action involves the interpretation of statutes that the Attorney General is entrusted by Congress to administer. *See* Fed. R. Civ. P. 24(b) (2).

7. As further support for this Motion, the United States respectfully directs the Court to the following Memorandum of Law, which is attached hereto and incorporated herein by reference.

## MEMORANDUM OF LAW IN SUPPORT OF

## INTRODUCTION

To begin with the proposed Complaint in Intervention incorporates the Plaintiffs Sharon Bridgewater and/or her son businesses and/or alleges anti-trust violations, and unfair competition, and/or unfair business practices and/or set forth civil causes of actions, and/or injunctive relief against the Defendant Holder.    The Plaintiff seeks an immediate protective order against the Defendants and/or a temporary restraining order; As a result, Holder is in violation of:  1) Obama recent "executive order" the Violence Against Women Act signed into law on    March 7, 2013; 2) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131; 3) Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and their implementing regulations and/or HUD regulations.

Secondly, whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, or disability the Plaintiff a "Private Attorney General" for or in the name of the United States may intervene in

-108-

such action upon timely application if the "Private Attorney General" certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

Thirdly, on timely motion, the court must permit "anyone" to intervene who: (1) is given (A) a statute or executive order administered by the officer or agency; or. (B) if the Suit to be against United States is intervention by United States. The Plaintiff certifies (get certification-declaration) of public importance. The complaint meets both (a) and/or (b) of the above mentioned, therefore this court must permit the Plaintiffs to intervene.

Fourthly, Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when a statute of the United States confers an unconditional right to intervene or when the applicant claims an interest in the subject matter of the action which may be affected.

**ARGUMENT**

A.  The Plaintiffs Satisfies the Requirements for Intervention of Right

Federal Rule of Civil Procedure Rule 24(a) provides that upon timely application, anyone shall be permitted to intervene in an action: When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2). *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)); *see also Stone v. First Union Corp.*, 371 F. 3d 1305, 1308-09 (11th Cir. 2004).

-109-

Here, the above mentioned Plaintiffs request for intervention satisfies the requirements of Rule 24(a)(2) for intervention as of right. Sharon Bridgewater has a substantial legal interest in the subject matter of the action because this case directly implicates the United States' responsibility the Violence Against Women's Act. Further, by avoiding multiple lawsuits and coordinating discovery, intervention will lend efficiency to the proceedings. The plaintiff Sharon Bridgewater Substantial Legal Interest in this Litigation

### B. The Plaintiffs Meets the Requirements for Permissive Intervention

Rule 24(b) of the Federal Rules of Civil Procedure provides an alternative basis for the United States' intervention in this action. Rule 24(b) states, in relevant part:

Upon timely application anyone may be permitted to intervene in an action …when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). The Eleventh Circuit has established a two-part test to guide the Court's discretion as to whether a party may intervene pursuant to Rule 24(b)(2): the applicant must show that "(1) his application to intervene is timely; and (2) his claim or defense and the

-110-

main action have a question of law or fact in common." Chiles, 865 F.2d at 1213 (citing Sellers v. United States, 709 F.2d 1469, 1471 (11th Cir. 1983)).

As discussed above, the United States' application for intervention in this litigation is timely and the Plaintiff participation would neither unduly delay the proceedings nor prejudice the adjudication of the rights of the original parties. Additionally, Plaintiff claims against the Defendant—namely, unfair competition, and violation of Anti-trust laws and/or that its failure to provide adequate community-based services to individuals with spinal cord injuries renders them at risk of institutionalization in violation of the ADA and the Rehabilitation Act—share common questions of law and fact with the private plaintiffs' claims.

Additionally, Federal Rule of Civil Procedure 24(b)(2) permits intervention by a government agency if a party's claim is based on a statute administered by the agency. As the agency tasked with enforcing title II of the ADA, the Plaintiffs intervention falls squarely within the language of Rule 24(b)(2). Accordingly, we meet the requirements for permissive intervention.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion to intervene (i) as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, (ii) permissively pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

Dated: May 13, 2013

Respectfully submitted, Sharon BridgewaSharon Bridgewater

-111-