**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>                  *Plaintiff*,<br><br>     v.<br><br>ERIC H. HOLDER, JR.,<br>in his official capacity as Attorney General of the United States,<br><br>                  *Defendant*. | Case No. 1:12-cv-01332 (ABJ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of October 18, 2013, the parties submit this joint status report.

Consolidation Issue.  As an initial matter, the parties wish to notify this Court that, on October 23, 2013, the plaintiff in *Judicial Watch, Inc. v. U.S. Department of Justice*, No. 1:12-cv-1510 (JDB) (D.D.C.) (a suit brought under the Freedom of Information Act), moved in that proceeding – but not in this proceeding – for an order "consolidat[ing] *Committee on Oversight Reform [sic] v. Eric H. Holder, Jr.*, No. 1:12-cv-1332-ABJ (D.D.C.) and *Judicial Watch, Inc. v. U.S. Department of Justice*, No. 1;12-cv-1510-JDB  (D.D.C.)."  Judicial Watch, Inc.'s Motion for Consolidation; Request for Hearing, *Judicial Watch, Inc. v. U.S. Department of Justice*, No. 1:12-cv-1510 (JDB) (D.D.C. Oct. 23, 2013) (ECF No. 24).  Both parties to this action – the Committee and the Attorney General – oppose consolidation of the two proceedings.  *Id*. at 4.

Local Rule 40.5(d) provides, in pertinent part, that "[m]otions to consolidate cases assigned to different judges of this court shall be heard and determined by the judge to whom the earlier-numbered case is assigned." Here, this proceeding is the earlier-numbered case, and the *Judicial Watch* case is the later-numbered case.

*Plaintiff's Position on Consolidation:*

While Local Rule 40.5(d) does not specifically address the question of the proceeding in which a motion "to consolidate cases assigned to different judges" should be filed, the implication of the Rule is that Judicial Watch's motion to consolidate should have been filed in this proceeding or, alternatively, that Judge Bates will refer that motion to this Court in due course.

The Committee proposes that (i) it and the Attorney General have seven calendar days to file with this Court their oppositions to Judicial Watch's motion to consolidate; (ii) such seven-day period commence on the day that Judicial Watch's motion to consolidate is properly docketed in this proceeding; and (iii) Judicial Watch have three business days thereafter to file its reply(ies), if any, with this Court.

*Defendant's Position on Consolidation:*

Defendant concurs that, pursuant to the Local Rules, this Court should hear and determine any motion to consolidate the two cases. Defendant submits that, in the event a motion to consolidate the two cases comes before this court, the parties intend to file opposition briefs. In the meantime, Defendant intends notify this court of any developments in the *Judicial Watch* case regarding the consolidation motion now pending in that case. The next anticipated filing in that case is a joint status report, which is due on October 30, 2013.

The parties' positions with respect to the questions presented in the court's October 18, 2013 Minute Order are presented below.

**Plaintiff:**

1. <u>Briefing/Filing Schedule</u>.  The Committee proposes the following schedule to govern future proceedings in this action:

- November 1, 2013 – Attorney General to file his Answer[1]

- November 8, 2013 – Attorney General to file his 28 U.S.C. § 1292(b) motion, if any

If the Attorney General elects *to file* a 28 U.S.C. § 1292(b) motion:

- November 20, 2013 – Committee to file its Opposition to Attorney General's 28 U.S.C. § 1292(b) motion

- November 27, 2013 – Attorney General to file his Reply to Committee's Opposition to Attorney General's 28 U.S.C. § 1292(b) motion

If the Attorney General elects *to file* a 28 U.S.C. § 1292(b) motion, *and if* the Court subsequently denies that motion:

- 30 days after denial order entered – Committee to file its Motion for Summary Judgment

---

[1] Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure requires that a responsive pleading be filed within 14 days of the denial of a motion to dismiss.  The Court denied the Attorney General's motion to dismiss on September 30, 2013, and, accordingly, November 1, 2013 is an appropriate deadline for the Attorney General to file his Answer, given the 16-day lapse in federal appropriations from October 1-16, 2013.

The Attorney General grounds his request for a lengthy extension of the due date for his Answer on an asserted inability timely to fashion litigation strategy and unspecified burdens on counsel.  We believe the Department of Justice has both the capacity and the resources to comply with this Federal Rule of Civil Procedure-imposed deadline.

- 35 days after Committee's Motion for Summary Judgment filed – Attorney General to file his Opposition to Committee's Motion for Summary Judgment

- 21 days after Attorney General's Opposition to Committee's Motion for Summary Judgment filed – Committee to file its Reply to Attorney General's Opposition to Committee's Motion for Summary Judgment

If the Attorney General elects *not to file* a 28 U.S.C. § 1292(b) motion:

- December 6, 2013 – Committee to file its Motion for Summary Judgment (and Attorney General to file his Cross-Motion, if any)

- January 10, 2014 – Attorney General to file his Opposition to Committee's Motion for Summary Judgment (and Committee to file its Opposition to Attorney General's Cross-Motion, if any)

- January 31, 2014 – Committee to file its Reply to Attorney General's Opposition to Committee's Motion for Summary Judgment (and Attorney General to file his Reply to Committee's Opposition to Attorney General's Cross-Motion, if any)

The Committee's very reasonable desire to advance this case does not ignore complexities or practical realities. Rather, it takes account of the on-going frustration of the Committee's investigation caused by the Attorney General's continuing efforts to put off a decision on the merits of the Committee's claim to the documents at issue. Given the ruling in *Committee on the Judiciary v. Miers*, 558 F. Supp. 2d 53 (D.D.C. 2008), the Attorney General has to have been aware since the day this suit was filed that this Court might rule as it did on September 30, 2013, and he obviously has been aware since then of this Court's actual ruling. Accordingly, November 8, 2013, is an eminently reasonable date by which the Attorney General should file a 28 U.S.C. § 1292(b) motion, if he elects to do so.

2. <u>Settlement</u>.  Prior to filing suit in August 2012, the Committee, over the course of nearly eight months, repeatedly attempted to negotiate a resolution of the impasse created by the Attorney General's refusal to produce *any* responsive documents dated or created after February 4, 2011.  Those efforts met with no success.  *See* Amended Complaint ¶¶ 43-47 (Jan. 15, 2013) (ECF No. 35).

After this suit was filed, the Committee, over a period of nearly five more months, again attempted to reach an accommodation with the Attorney General regarding the Department of Justice documents at issue in this suit; the Committee's efforts included active participation in Court-ordered mediation with Judge Rothstein.  Those efforts also met with no success.  *See* Joint Status Report at 3 (Jan. 7, 2013) (ECF No. 32); Joint Status Report at 1-2 (March 15, 2013) (ECF No. 40); Order (March 18, 2013) (ECF No. 41); Joint Status Report at 1-2 (April 22, 2013) (ECF No. 42).

As a result of these past efforts to negotiate a resolution of the dispute now before the Court, the parties are very familiar with each other's positions.  While the Committee is not optimistic that the Attorney General is motivated to compromise in a manner that will result in the production of useful documents to the Committee in the foreseeable future, the Committee's door is open.  And while the Committee has the utmost respect for Judge Rothstein, its past experience has left it with the firm conviction that the Attorney General will use further Court-ordered mediation for purposes of delay only.  Accordingly, the Committee respectfully suggests that additional settlement discussions, if any, take place directly between the parties and in parallel with other proceedings in this case.

In the event this Court does direct the parties to again participate in mediation, the Committee respectfully suggests that such mediation also take place in parallel with other

proceedings in this case, and that the case not be stayed while any such Court-ordered mediation proceeds.

**<u>Defendant</u>**

<u>Motion for Interlocutory Appeal</u>

On September 30, 2013, this Court issued its opinion denying Defendant's Motion to Dismiss and holding that it has jurisdiction to resolve this dispute between the political Branches. *See* ECF 51. This is an opinion that implicates the constitutional separation of powers between the branches. Indeed, when the D.C. Circuit in *Comm. on Judiciary of U.S. House of Reps. v. Miers*, was presented with an appeal from a similar, albeit final, order of the district court, the D.C. Circuit stayed proceedings pending appeal, noting that "[t]he present dispute is of potentially great significance for the balance of power between the Legislative and Executive Branches." 542 F.3d 909, 911 (D.C. Cir. 2008) (per curiam).

Defendant is currently considering whether to seek interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff's desire to expedite that decision and corresponding briefing schedule ignores the complexities of the decision, as well as the practical steps involved, including a decision by the Solicitor General about whether to authorize an appeal, after a process that involves recommendations from various interested components of the Justice Department. Although those steps are now underway, they were interrupted by the shutdown of government activities during the month of October. Nevertheless, Defendant anticipates completing the decision-making process and informing the Court whether it intends to seek interlocutory appeal on or before November 25, 2013.

If Defendant decides to pursue interlocutory appeal, Defendant proposes that briefing proceed as follows:

- November 25, 2013 – Defendant's Motion for Interlocutory Appeal
- December 11, 2013 – Plaintiff's Opposition
- December 20, 2013 – Defendant's Reply

If Defendant requests interlocutory appeal, and the Motion is granted, Defendant believes that briefing on summary judgment should be stayed pending the outcome in the D.C. Circuit. If Defendant files and the Motion is denied, Defendant believes that Plaintiff's proposed timing for summary judgment briefing is reasonable, where briefing would begin 30 days after the denial order is entered, with Defendant reserving its right to cross-move in accordance with the intervals set forth in the schedule below.

If Defendant decides not to pursue interlocutory appeal, Defendant believes that Plaintiff's proposed timing on summary judgment briefing is reasonable, in allowing approximately 30 days for Plaintiff to file, followed by approximately 35 days for Defendant to oppose, followed by approximately 21 days for Plaintiff to reply. However, to permit adequate time to make a decision on interlocutory appeal, Defendant submits that the schedule should be as follows:

- November 25, 2013 – Defendant's Notification to Court that It Will Not Pursue Interlocutory Appeal
- January 6, 2014 – Plaintiff's Motion for Summary Judgment
- February 10, 2014 – Defendant's Opposition (and Cross-Motion, if any)
- March 3, 2014 – Plaintiff's Reply (and Opposition to Cross-Motion, if any)
- March 24, 2014 – (Defendant's Reply in Support of Cross-Motion, if any)

7

Settlement

While Defendant is considering whether to seek interlocutory appeal, Defendant believes that the parties should begin renewed efforts at mediation before Judge Rothstein. In light of the posture of this litigation, Defendant believes that such mediation would be productive and may obviate the need for further litigation, including summary judgment briefing. Since mediation can begin while Defendant decides whether to seek interlocutory appeal, it will not delay the forward progress of this case.

Although Defendant will not delve into the substance of settlement talks, Plaintiff's assertion that mediation would be sought for the purpose of delay is baseless. Defendant believes that settlement talks, and mediation before Judge Rothstein in particular, resulted in advancements towards a negotiated resolution, and Defendant believes that continued work with Judge Rothstein could result in further advancements. Defendant has great respect for Judge Rothstein, and Defendant believes that mediation will provide her with the flexibility to determine what negotiating structure is likely to be most fruitful.

Defendant's Answer Deadline

Defendant notes that, pursuant to this Court's October 3, 2013, order, Defendant's deadline to file an answer to the Amended Complaint in the wake of this Court's denial of Defendant's Motion to Dismiss has been stayed, at least until October 30, 2013. *See* Fed. R. Civ. P. 12(a)(4)(A). Because Defendant may still challenge this Court's jurisdiction through interlocutory appeal, Defendant asks that this Court continue its stay of the answer deadline, at a minimum, through December 14, 2013.

Even if this Court is not inclined to stay the answer deadline, Plaintiff's proposed deadline of November 1, 2013, is unworkable in light of burdens on the undersigned and

Defendant due to the resumption of normal operations following the shutdown.  Defendant would ask, at a minimum, for an extension of fourteen (14) days to file the answer, up to November 15, 2013.

          Respectfully submitted,

*/s/ Kerry W. Kircher*
KERRY W. KIRCHER, D.C. Bar # 386816
General Counsel
WILLIAM PITTARD, D.C. Bar # 482949
Deputy General Counsel
CHRISTINE DAVENPORT
Senior Assistant Counsel
TODD B. TATELMAN
Assistant Counsel
MARY BETH WALKER, D.C. Bar # 501033
Assistant Counsel
ELENI M. ROUMEL
Assistant Counsel

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
Tel: (202) 225-9700
Fax: (202) 226-1360

*Counsel for Plaintiff Committee on Oversight and Government Reform, U.S. House of Representatives*

JOHN R. TYLER
Assistant Branch Director
*/s/ Eric Womack*
ERIC R. WOMACK
(IL Bar No. 6279517)
GREGORY DWORKOWITZ
(NY Bar Registration No. 4796041)
LUKE M. JONES
(VA Bar No. 75053)
Trial Attorneys

                U.S. DEPARTMENT OF JUSTICE
                CIVIL DIVISION
                FEDERAL PROGRAMS BRANCH
                Washington, D.C. 20001
                Tel: (202) 514-4020
                Fax: (202) 616-8470
                eric.womack@usdoj.gov

                *Counsel for Defendant Eric H. Holder, Jr., Attorney General*

October 25, 2013

## CERTIFICATE OF SERVICE

I certify that on October 25, 2013, I served one copy of the foregoing Joint Status Report by CM/ECF on all registered parties and by electronic mail (.pdf format), on:

>John R. Tyler, Assistant Branch Director
>Eric R. Womack, Trial Attorney
>Gregory P. Dworkowitz, Trial Attorney
>Luke M. Jones, Trial Attorney
>U.S. DEPARTMENT OF JUSTICE,
>CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
>Washington, D.C. 20001
>john.tyler@usdoj.gov
>eric.womack@usdoj.gov
>gregory.p.dworkowitz@usdoj.gov
>luke.jones@usdoj.gov

>>*/s/ Kerry W. Kircher*
>>Kerry W. Kircher