**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COMMITTEE ON OVERSIGHT AND           )
GOVERNMENT REFORM,                   )
UNITED STATES HOUSE                  )
OF REPRESENTATIVES,                  )
                                     )
          Plaintiff,                 )
                                     )          Case No. 1:12-cv-1332 (ABJ)
          v.                         )
                                     )
ERIC H. HOLDER, JR.,                 )
in his official capacity as          )
Attorney General of the United States, )
                                     )
          Defendant.                 )
_____)

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant hereby answers the First Amended Complaint of Plaintiff Committee on

Oversight and Government Reform, U.S. House of Representatives ("Committee"), as follows:

**INTRODUCTION**

These unnumbered paragraphs contain the Committee's characterization of this action

and legal conclusions, to which no response is required.  To the extent a response is required,

Defendant denies the Committee's characterization of this action and legal conclusions.

**PRELIMINARY STATEMENT**

1.       Defendant lacks knowledge or information sufficient to admit or deny the

allegations in the first sentence of this paragraph.  The remainder of this paragraph states legal

conclusions or plaintiff's argumentative characterization of events, rather than a short and plain

statement of claims on which plaintiff contends it is entitled to relief, for which no answer is

required.  To the extent a response is required, Defendant denies Plaintiff's legal conclusions and

argumentative characterizations, and asserts that Plaintiff is not entitled to the relief requested by the First Amended Complaint.

2.       Defendant admits the allegation in the first sentence of this paragraph that the Committee conducted its investigation into Operation Fast and Furious jointly with the Senate Judiciary Committee.  Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding why the Committee initiated its investigation into Operation Fast and Furious.  The remainder of this paragraph constitutes Plaintiff's characterization of the reasons why it allegedly undertook its investigation, rather than a short and plain statement of the claims on which Plaintiff contends that it is entitled to relief, for which no answer is required.  Insofar as an answer may be deemed required, Defendant responds to the numbered subparagraphs as follows:

i.       Defendant admits that the Inspector General of the U.S. Department of Justice ("Department") issued a report in November 2010 entitled "Review of ATF's Project Gunrunner."  The remaining allegations of this subparagraph constitute Plaintiff's characterization of that report, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the referenced report for a complete and accurate statement of its contents.

ii.       Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding unidentified whistleblower allegations and unspecified news reports.

iii.       Defendant admits that U.S. Customs and Border Protection Agent Brian Terry died of wounds suffered during a firefight near the Mexican border on December 15, 2010.

iv.     Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding unidentified whistleblower allegations and unspecified documentary evidence.

v.     Defendant admits that the Department, through Ronald Weich, sent a letter to Senator Grassley on February 4, 2011.  The remaining allegations of this subparagraph constitute Plaintiff's characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

3.     Defendant admits that the Department, through Mr. Weich, sent a letter to Senator Grassley on May 2, 2011, and that the Department, through James M. Cole, sent a letter to Chairman Issa and Senator Grassley on December 2, 2011.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of these letters, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant respectfully refers the Court to these letters for a complete and accurate statement of their contents.  Defendant otherwise denies the allegations of this paragraph.

4.     Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the initial principal focus of the Committee's investigation into Operation Fast and Furious.  The remainder of this paragraph sets forth Plaintiff's characterization of its investigation into Operation Fast and Furious, rather than a short and plain statement of the claims on which plaintiff contends it is entitled to relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

5.      This paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

6.      Defendant admits that the Department, through Mr. Weich, sent a letter to Chairman Issa on April 19, 2011; that a senior Department official stated to Committee staff during a briefing on May 5, 2011 that "there's a there there"; and that the Committee interviewed Kenneth Melson on July 4, 2011.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of the letter and interview, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required. To the extent a response is required, the Committee did not provide Defendant with a copy of the interview transcript or otherwise make that transcript public.  Defendant respectfully refers the Court to the letter and the complete interview transcript for a complete and accurate statement of their contents.  Defendant otherwise denies the allegations of this paragraph.

7.      With respect to the first sentence of this paragraph, Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding what information the Committee learned about Operation Fast and Furious, or how the Committee learned it. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of the paragraph regarding if, why or how the Committee's investigation developed a second focus.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

4

8.      Defendant admits that on October 11, 2011, the Committee issued a subpoena to Defendant.  This paragraph characterizes that subpoena, to which the Court is respectfully referred for a complete and accurate statement of its contents.  The remaining allegations in this paragraph consist of legal conclusions and argumentative characterization of the subpoena, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

9.      Defendant admits that the Department, through Mr. Cole, sent a letter to Chairman Issa and Senator Grassley on December 2, 2011.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of this letter, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant respectfully refers the Court to the specified letter for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

10.      Defendant admits that it has produced documents in response to the October 11 subpoena and in conjunction with the release of the Inspector General's report in September 2012.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of these productions, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

11.      Defendant admits that the Department sent the letters referenced in this paragraph and that Former Acting Deputy Attorney General Gary Grindler was interviewed by Committee staff on December 14, 2011.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of these letters and that interview, rather than a short and plain statement of the

5

claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, the Committee did not provide Defendant with a copy of the interview transcript or otherwise make that transcript public.  Defendant respectfully refers the Court to these letters and the complete interview transcript for a complete and accurate statement of their contents.  Defendant otherwise denies the allegations of this paragraph.

12.     The Department notified the Committee on June 20, 2012 that the President had asserted Executive Privilege.  Prior to that time, the Department worked in good faith to accommodate the Committee's information requests and repeatedly described to the Committee the Executive Branch interests and legal obligations underlying the Department's withholding of certain types of documents.  To the extent a further response is required, Defendant otherwise denies the allegations of this paragraph.

13.     Defendant admits that the Department and the Committee engaged in extensive negotiations regarding the October 11 subpoena, during which the Department continually attempted to accommodate the Committee's interests.  Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding what the Committee was attempting to accomplish with its investigation into Operation Fast and Furious, or whether it considers itself to have succeeded in those endeavors.  Accordingly, no response is required.

14.     Defendant admits that the Department sent a letter to Chairman Issa on June 20, 2012 and before the Committee's contempt meeting.  The remainder of the first, second, and third sentences of this paragraph characterizes that letter, to which no answer is required.  To the extent a response is required, Defendant respectfully refers the Court to this letter for a complete and accurate statement of its contents.  Defendant admits the allegation in the fourth sentence of this paragraph that the Department filed, jointly with the Committee, a status report on January 7,

2013.  The remainder of this sentence characterizes that report, to which no answer is required.

To the extent a response is required, Defendant respectfully refers the Court to the report for a

complete and accurate statement of its contents.  The third and fourth sentences of the paragraph

also contain legal conclusions, to which no response is required.  To the extent a response is

required, Defendant denies the allegations.

   15. The first sentence of this paragraph consists of legal conclusions, to which no

response is required.  To the extent a response is required, Defendant denies the allegations.

Defendant admits the allegation in the second sentence of the paragraph that, at its June 20, 2012

meeting, the Committee voted to recommend that the House hold the Attorney General in

contempt of Congress.  Defendant lacks knowledge or information sufficient to admit or deny

the allegations regarding why the Committee so voted.  Accordingly, no response is required.

   16. Defendant admits that, on June 28, 2012, the House voted to pass House

Resolution 711.  The remaining allegations of this paragraph characterize that resolution, to

which no response is required.  To the extent a response is required, Defendant respectfully

refers the Court to the resolution for a complete and accurate statement of its contents.

   17. Defendant denies the allegations in the first sentence of the paragraph.  Defendant

lacks knowledge or information sufficient to admit or deny the allegations in the second sentence

of this paragraph because the Committee does not identify "those documents" to which it refers.

To the extent a response is required, Defendant denies the allegations.

   18. Defendant denies the third and fifth sentences of this paragraph.  The first,

second, fourth, seventh and eighth sentences of this paragraph consist of legal conclusions, to

which no response is required.  The sixth sentence of this paragraph sets forth Plaintiff's

argumentative characterization of the December 2, 2011 letter, to which no response is required.

To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

**PARTIES**

19. Admitted.

20. The first sentence of this paragraph is admitted.  The second sentence of this paragraph states a legal conclusion to which no answer is required, but insofar as an answer may be deemed required, it is admitted.

**JURISDICTION AND VENUE**

21. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. This paragraph consists of legal conclusions, to which no response is required.

**GENERAL ALLEGATIONS**

24. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

25. Defendant admits that the Committee is a standing committee of the House.  The remainder of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

26. Defendant admits that the One Hundred Thirteenth Congress has adopted Rules of the House of Representatives.  The remainder of this paragraph characterizes those rules, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the rules for a complete and accurate statement of their contents.

27.     Defendant admits that the One Hundred Thirteenth Congress has adopted Rules of the House of Representatives.  The remainder of this paragraph characterizes those rules, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the rules for a complete and accurate statement of their contents.

28.     Defendant incorporates by reference his answers to paragraphs one and two of the First Amended Complaint.  Defendant admits that the Committee conducted its investigation jointly with the Senate Judiciary Committee.

29.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph because the Committee does not identify the "necessary documents" to which it refers.  Defendant admits that Chairman Issa sent a letter to the Bureau of Alcohol, Tobacco, Firearms and Explosives, through Mr. Melson, on March 16, 2011.  The remaining allegations of this paragraph set forth Plaintiff's argumentative characterization of the letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

30.     This paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

31.     Defendant admits the allegation in the first sentence of this paragraph that on March 31, 2011, the Committee issued a subpoena to Mr. Melson.  The remainder of this sentence contains Plaintiff's characterization of that subpoena, to which no response is required. To the extent a response is required, the Court is respectfully referred to the subpoena for a

complete and accurate statement of its contents. The first sentence of this paragraph also contains legal conclusions, to which no response is required.  Defendant denies the second sentence of this paragraph.  This paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

32.     This paragraph sets forth Plaintiff's argumentative and vague characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

33.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph because the Committee does not identify the "relevant information" to which it refers.  Defendant admits the allegation in the second sentence of the paragraph that Chairman Issa and Senator Grassley sent letters to the Federal Bureau of Investigation (FBI), through Robert S. Mueller, III, and the Drug Enforcement Administration (DEA), through Michelle M. Leonhart, on July 11, 2011, and July 15, 2011, respectively.  The third sentence of this paragraph contains Plaintiff's argumentative characterization of those letters, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to those letters for a complete and accurate statement of their contents.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  FBI and DEA provided the Committee with

multiple briefings and made documents available for the Committee's review. To the extent a response is required, Defendant denies the allegations.

34.     Defendant admits the allegation in the first sentence of this paragraph that Chairman Issa and Senator Grassley sent a letter to the U.S. Attorney's Office for the District of Arizona, through Ann Birmingham Scheel, on September 1, 2011. The remainder of the sentence constitutes Plaintiff's characterization of that letter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents. With respect to the second sentence of this paragraph, Defendant admits that Ms. Scheel did not personally answer the September 1, 2011 letter but notes that the Department, through the Office of Legislative Affairs, did answer the September 1, 2011 letter; Defendant denies any additional allegation contained in the second sentence. Defendant admits the allegation in the third sentence of this paragraph that the Department, through Mr. Weich, sent a letter to Chairman Issa and Senator Grassley on December 6, 2011. The remainder of the sentence constitutes Plaintiff's characterization of that letter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents. The fourth sentence of this paragraph is admitted. This paragraph otherwise sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required. To the extent a response is required, Defendant denies the allegations.

35.     Defendant admits the allegation in the third sentence of this paragraph that the Department, through Mr. Weich, sent a letter to Chairman Issa on June 14, 2011. The remainder of the sentence constitutes Plaintiff's characterization of that letter, to which no response is

required.  To the extent a response is required, Defendant respectfully refers the Court to the

letter for a complete and accurate statement of its contents.  Defendant lacks knowledge or

information sufficient to admit or deny the allegations in the second sentence of this paragraph

concerning what the Committee "sought" to be produced.  Accordingly, no response is required.

The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events,

rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to

relief, for which no answer is required.  To the extent a response is required, Defendant denies

the allegations.

        36.     Defendant admits that the Department, through Mr. Weich, sent a letter to

Chairman Issa on October 11, 2011.  This paragraph contains Plaintiff's characterization of that

letter, to which no response is required.  To the extent a response is required, Defendant

respectfully refers the Court to the letter for a complete and accurate statement of its contents.

The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events,

rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to

relief, for which no answer is required.  To the extent a response is required, Defendant denies

the allegations.

        37.     Defendant lacks knowledge or information sufficient to admit or deny the

allegations in this paragraph and all subparagraphs regarding what, when or how the Committee

learned about Operation Fast and Furious.  Accordingly, no response is required.  To the extent a

response is deemed required, Defendant admits subparagraph 37(v).  The remainder of this

paragraph and subparagraphs sets forth Plaintiff's argumentative characterization of events,

rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to

relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

38.     Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding what the Committee concluded.  Accordingly, no response is required.  To the extent a response is required, the Committee did not provide Defendant with a copy of the referenced interview transcript or otherwise make that transcript public.  Defendant respectfully refers the Court to the letters and the complete transcript that are referenced in this paragraph for a complete and accurate statement of their contents.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

39.     Defendant incorporates by reference his answer to paragraph seven of the First Amended Complaint.  Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding if, why or how the Committee's investigation into Operation Fast and Furious developed a second aspect.  Accordingly, no response is required.

40.     Defendant admits that the Department, through Mr. Weich, sent a letter to Chairman Issa on October 11, 2011, and that the Committee issued a subpoena to Defendant on October 11, 2011.  This paragraph contains Plaintiff's argumentative characterization of the letter and subpoena, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter and subpoena for a complete and accurate statement of their contents.   Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in this paragraph relating to the motivation of the Committee to issue the specified subpoena, or the process by which the subpoena was issued.  Accordingly,

13

no response is required.  To the extent a response is required, Defendant denies the remaining allegations.

41.     Defendant admits that on October 11, 2011, the Committee issued a subpoena to Defendant.  This paragraph contains Plaintiff's characterization of the subpoena, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the subpoena for a complete and accurate statement of its contents.

42.     This paragraph contains legal conclusions, to which no response is required.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.  Defendant responds to the subparagraphs as follows:

i.     Defendant admits that the Department, in response to the October 2011 subpoena, did not produce any documents responsive thereto, nor did it assert any privilege over documents responsive thereto, by October 25, 2011.

ii.     This subparagraph and accompanying footnote sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.  Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding whether the Committee considers relevant to its investigation into Operation Fast and Furious, or any subpart thereof, documents produced by the Department responsive to the Committee's oversight requests.

iii.     Defendant admits that it produced documents in September 2012 in conjunction with the release of the report of the Inspector General.  The remainder of this

subparagraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required. To the extent a response is required, Defendant denies the allegations.

iv.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in this subparagraph with specificity, in light of the fact that Plaintiff's allegation fails to identify the documents, web sites, or duplicates to which it refers. Accordingly, no response is required. Defendant admits, however, that redactions were applied to some documents produced to Congress in order to protect interests such as personal privacy and law enforcement, consistent with Executive Branch institutional interests and legal obligations. The remainder of this subparagraph and accompanying footnote sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required. To the extent a response is required, Defendant denies the allegations.

v.     The Department notified the Committee on June 20, 2012 that the President had asserted Executive Privilege. Prior to that time, the Department worked in good faith to accommodate the Committee's information requests and repeatedly described to the Committee the Executive Branch interests and legal obligations underlying the Department's withholding of certain types of documents. To the extent a further response is required, Defendant otherwise denies the allegations of this paragraph.

vi.     Defendant admits that it provided documents to the Department's Inspector General, an Executive Branch officer. The remainder of this subparagraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the

claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

43.     This paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.  Defendant responds to the subparagraphs as follows:

i.      Defendant admits that, on December 8, 2011, he testified before the House Committee on the Judiciary.  The remaining allegations of this subparagraph constitute Plaintiff's argumentative characterization of that testimony. To the extent a response is required, Defendant respectfully refers the Court to the testimony transcript for a complete and accurate statement of Defendant's remarks.

ii.     Defendant admits that Committee staff interviewed Mr. Grindler on December 14, 2011.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of the interview, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant notes that the Committee did not provide Defendant with a copy of the interview transcript or otherwise make that transcript public.  Defendant respectfully refers the Court to the complete interview transcript for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

iii.    Defendant admits that the Committee interviewed Jason Weinstein on January 10, 2012.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of the interview, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a

16

response is required, Defendant notes that the Committee did not provide Defendant with a copy of the interview transcript or otherwise make that transcript public.  Defendant respectfully refers the Court to the complete interview transcript for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

44.    This paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.  Defendant responds to the subparagraphs as follows:

i.    Defendant admits that Chairman Issa sent a letter to the Department, through Defendant, on January 31, 2012.  This subparagraph contains Plaintiff's characterization of that letter, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the letter for a complete and accurate statement of its contents.

ii.    Defendant admits that Chairman Issa and Senator Grassley sent a letter to the Department, through Defendant, on March 27, 2012.  This subparagraph contains Plaintiff's characterization of that letter, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the letter for a complete and accurate statement of its contents.

iii.    Defendant admits that Speaker Boehner, Majority Leader Cantor, Majority Whip McCarthy, and Chairman Issa sent a letter to the Department, through Defendant, on May 18, 2012.  This subparagraph contains Plaintiff's characterization of that letter, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the letter for a complete and accurate statement of its contents.

45.     The second sentence of this paragraph sets forth Plaintiff's argumentative characterization of a May 15 letter from James Cole.  Accordingly, no response is required.  To the extent a response is required, Defendant respectfully refers this Court to that letter for a complete and accurate statement of its contents.  The third sentence of this paragraph is denied. The Department notified the Committee on June 20, 2012 that the President had asserted Executive Privilege.  Prior to that time, the Department worked in good faith to accommodate the Committee's information requests and repeatedly described to the Committee the Executive Branch interests and legal obligations underlying the Department's withholding of certain types of documents.  This paragraph otherwise sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

46.     Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding what the Committee was seeking.  Accordingly, no response is required. Moreover, this paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.  Defendant responds to the subparagraphs as follows:

i.     This paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

18

ii.     Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding why the Committee took the action specified in this paragraph.  The remainder of this paragraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

a.     Defendant admits that Speaker Boehner, Majority Leader Cantor, Majority Whip McCarthy, and Chairman Issa sent a letter to the Department, through Defendant, on May 18, 2012, and that the Department, through Mr. Cole, sent a letter to Speaker Boehner, Majority Leader Cantor, Majority Whip McCarthy, and Chairman Issa on June 5, 2012.  This subparagraph contains Plaintiff's characterization of those letters, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to those letters for a complete and accurate statement of their contents.  The remainder of this subparagraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

b.     Defendant admits that Chairman Issa sent a letter to the Department, through Defendant, on June 13, 2012.  This subparagraph contains Plaintiff's characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

c.     Defendant admits that Chairman Issa sent a letter to the Department, through Defendant, on June 15, 2012.  This subparagraph contains Plaintiff's

characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

    d.  Defendant admits that, on June 19, 2012, Chairman Issa, Congressman Cummings, Chairman Leahy, and Senator Grassley met with the Defendant. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding why these Members met with the Defendant or took any actions at that meeting.  The final sentence of this subparagraph contains legal conclusions, to which no response is required.  The remainder of this subparagraph sets forth Plaintiff's argumentative characterization of events, rather than a short and plain statement of the claims on which Plaintiff contends it is entitled to relief, for which no answer is required.  To the extent a response is required, Defendant denies the allegations.

   47.  Defendant admits that the Department sent a letter to Chairman Issa on June 20, 2012.  This paragraph contains Plaintiff's argumentative characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

   48.  Defendant admits that the Oversight Committee met on June 20, 2012, and voted 23-17 to report the contempt resolution to the full House of Representatives.  The remainder of this paragraph constitutes Plaintiff's argumentative characterization of that meeting, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

   49.  Admitted.

   50.  Defendant admits that Chairman Issa sent a letter to the President on June 25, 2012.  The first and second sentences of this paragraph contain Plaintiff's characterization of that

letter, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the letter for a complete and accurate statement of its contents. Defendant admits in the third sentence that the President did not personally respond to Chairman Issa's letter of June 25, 2012.

51.     The first sentence of this paragraph is admitted.  The remainder of this paragraph constitutes Plaintiff's argumentative characterization of that meeting, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

52.     Defendant admits that, on June 28, 2012, the House voted to pass House Resolution 711.  The remaining allegations of this paragraph contain Plaintiff's characterization of that resolution and the congressional vote, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the resolution and the accompanying congressional record for a complete and accurate statement of their contents.

53.     Defendant admits that, on June 28, 2012, the House voted to pass House Resolution 706.  The remaining allegations of this paragraph contain Plaintiff's characterization of that resolution and the congressional vote, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the resolution and the accompanying congressional record for a complete and accurate statement of their contents.

54.     Defendant admits that the Department, through Mr. Cole, sent a letter to Speaker Boehner on June 28, 2012.  The remaining allegations of this paragraph contain Plaintiff's argumentative characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

55.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph is denied.

56.     Defendant admits that Senator Grassley sent a letter to the U.S. Attorney's Office for the District of the District of Columbia, through Ronald C. Machen, Jr., on June 29, 2012. The remaining allegations of this paragraph contain Plaintiff's argumentative characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents. The second sentence of this paragraph is denied.

57.     Defendant admits that the Department, through Mr. Cole, sent a letter to Senator Grassley on July 16, 2012.  The remaining allegations of this paragraph contain Plaintiff's argumentative characterization of that letter, to which no response is required.  To the extent response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

58.     Defendant admits the allegation in the first sentence that the General Counsel of the House sent a letter to the U.S Attorney's Office for the District of the District of Columbia, through Mr. Machen, on July 26, 2012.  The remaining allegations of the first sentence contain Plaintiff's characterization of that letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.  Defendant admits the allegation in the second sentence that the U.S Attorney's Office for the District of the District of Columbia, through Mr. Machen, sent a letter to the General Counsel of the House on July 30, 2012.  The remaining allegations of the second sentence contain Plaintiff's argumentative characterization of that letter, to which no

response is required.  To the extent a response is required, Defendant respectfully refers the

Court to the letter for a complete and accurate statement of its contents.

59.     This paragraph sets forth a legal conclusion, to which no response is required.  To

the extent a response is required, Defendant denies Plaintiff's argumentative characterization of

events.

60.     Defendant denies the notion that the parties were (or are) at an impasse.

Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding

why the Committee deemed it necessary to file the present lawsuit.  Accordingly, no response is

required.

61.     The allegations in this paragraph consist of legal conclusions, to which no

response is required.

62.     Defendant admits that the Department's Inspector General issued a report on

Operation Fast and Furious on September 19, 2012.  This paragraph contains Plaintiff's

argumentative characterization of that report, to which no response is required.  To the extent a

response is required, Defendant respectfully refers the Court to the report for a complete and

accurate statement of its contents.

63.     Defendant admits that Defendant released documents in conjunction with the

report by the Inspector General in September 2012.  The remainder of this paragraph contains

legal conclusions, to which no response is required.  To the extent a response is required,

Defendant denies the allegations.

64.     The first two sentences of this paragraph are admitted.  The remainder of the

allegations in this paragraph describes two separate House resolutions, to which no response is

required.  Defendant respectfully refers the Court to those resolutions for a complete and accurate statement of their contents.

65.     The first sentence of this paragraph is admitted.  The second and third sentences of this paragraph describe the Committee's January 2013 subpoena, to which no response is required.  To the extent a response is required, the Court is respectfully referred to the subpoena for a complete and accurate statement of its contents.  Defendant admits that the Department, between January 3, 2013, and noon on January 7, 2013, did not produce to the Committee any documents responsive to the Committee's subpoena issued January 3, 2013.

66.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## SPECIFIC CLAIMS FOR RELIEF

67.     This paragraph contains Plaintiff's argumentative characterization of the basis for the Committee's First Amended Complaint, as well as the scope and nature of the First Amended Complaint, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT I

68.     Defendant incorporates by reference his answers to paragraphs one through sixty-seven of the First Amended Complaint.

69.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

70.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

71.     Defendant admits that the Department sent a letter to Chairman Issa on June 20, 2012.  This paragraph characterizes that letter, to which the Court is respectfully referred for a complete and accurate statement of its contents.

72.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

73.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

74.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

75.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

76.     This paragraph contains the Committee's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## COUNT II

77.     The Court dismissed Count II of the First Amended Complaint, to which no response is required.  To the extent a response is deemed necessary, Defendant incorporates by reference his answers to paragraphs one through seventy-six of the First Amended Complaint.

78-86.  The Court dismissed Count II of the First Amended Complaint, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The remaining paragraph of the First Amended Complaint contains the Committee's requested relief, to which no response is required.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in the remaining paragraph of the First Amended

Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

This Court lacks subject matter jurisdiction over this matter.

### Second Defense

The Committee has failed to state a claim upon which relief can be granted.

### Third Defense

The Committee failed to exhaust the process of negotiation and accommodation required

by the Constitution.

### Fourth Defense

The Committee has no lawful right to the documents it seeks in this case, which are

protected by a valid assertion of Executive Privilege.

Dated: November 15, 2013                    Respectfully submitted,


                                            STUART F. DELERY
                                            Assistant Attorney General

                                            KATHLEEN R. HARTNETT
                                            Deputy Assistant Attorney General

                                            JOSEPH H. HUNT
                                            Director, Federal Programs Branch

                                            JOHN R. TYLER
                                            Assistant Branch Director


                                             */s/ Gregory Dworkowitz*_____
                                            ERIC R. WOMACK
                                            (IL Bar No. 6279517)
                                            GREGORY DWORKOWITZ

(NY Bar Registration No. 4796041)
LUKE M. JONES
(VA Bar No. 75053)
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
Washington, D.C. 20001
Tel: (202) 514-4020
Fax: (202) 616-8470
eric.womack@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, I caused a true and correct copy of the

foregoing Answer to First Amended Complaint to be served on plaintiff's counsel electronically

by means of the Court's ECF system.

 _/s/ Gregory Dworkowitz_____
GREGORY DWORKOWITZ