UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
COMMITTEE ON OVERSIGHT AND          )
GOVERNMENT REFORM, UNITED           )
STATES HOUSE OF                     )
REPRESENTATIVES,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 12-1332 (ABJ)
                                    )
ERIC H. HOLDER, JR., Attorney       )
General of the United States,       )
                                    )
            Defendant.              )
_____)

## ORDER

Defendant has moved this Court to certify its September 30, 2013 order denying defendant's motion to dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 1292(b).  He argues that the Court's ruling on the justiciability of the Committee's action to enforce its subpoena is "of potentially great significance for the balance of power between the Legislative and Executive Branches."  Def.'s Mot. for Certification of this Ct.'s September 30, 2013 Order of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [Dkt. # 57] ("Def.'s Mot.") at 1, quoting *Comm. on the Judiciary v. Miers*, 542 F.3d 909, 911 (D.C. Cir. 2008).  The motion will be denied.

The statute on interlocutory decisions provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.  The Court of Appeals . . . may

> thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it with ten days after entry of the order.

28 U.S.C. § 1292(b).  The Court notes at the outset that according to the terms of section 1292(b), the possibility of an interlocutory appeal under this provision is supposed to be triggered by a statement by the district judge included in the order to be appealed.  *Id.*  The order dated September 30, 2013 contained no such statement.  But assuming that a party may move under this provision for the district judge to certify an issue for appeal, the predicate must still be established.  And here, the Court cannot make the necessary finding.

While the Court agrees with defendant's characterization of the matter as significant, that is not the test.  As the authority cited by defendant indicates, the Court must objectively determine whether the issue for appeal is one on which there is a substantial ground for dispute. *See In re Vitamins Antitrust Litig.*, No. 99-197 TFH, 2000 WL 33142129, *2 (D.D.C. Nov. 22, 2000) ("It is the duty of the district judge faced with a motion for certification to analyze the strength of the arguments in opposition to the challenged rulings when deciding whether the issue of appeal is truly one on which there is a substantial ground for dispute.")

The Court is not of the opinion that its denial of the motion to dismiss involves a controlling question of law as to which there is a substantial ground for difference of opinion.  As explained in the Memorandum Opinion, the ruling was based upon Supreme Court precedent and Circuit precedent, and it was decided in accordance with an opinion issued by another judge of this court in a substantially similar matter: *Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53 (D.D.C. 2008).  Defendant has not pointed to any precedent that would supply the grounds for a difference of opinion; *Raines v. Byrd,* 521 U.S. 811 (1997), which found that individual members of Congress did not have standing to challenge the constitutionality of a legislative enactment, does not govern this action.

Defendant also cites *Reese v. BP Exploration Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) and *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 55 (D.D.C. 2009) and suggests that the Court should certify the issue for appeal because the case presents novel and difficult questions of first impression. Def.'s Mot. at 5. It is true that in *Reese,* the Ninth Circuit observed that a district judge could find grounds for a difference of opinion even if there have been no decisions that directly conflict with his or her application of the law, and it stated, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal . . . ." 643 F.3d at 688. But nothing in that statement about what a district court *may* do changes the fundamental principle that "interlocutory appeals under 28 U.S.C. §1292(b) are rarely allowed, and the party seeking interlocutory review has the burden of persuading the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review . . . .'" *In re Vitamins Antitrust Litig.*, 2000 WL 33142129, *1. It is also correct that in *Al Maqaleh,* the court was persuaded that "given the novelty of the issues courts could reasonably differ" with its application of a new multi-factored test, and it certified the question. 620 F. Supp. 2d at 55. But coming in the wake of *Miers,* this case did not present a question of first impression, and the defense has failed to persuade the Court that similar extraordinary circumstances pertain.

In its motion, defendant points the Court to the fact that the Court of Appeals issued a stay pending appeal in the *Miers* case. Def.'s Mot. at 1, 6–7. But that ruling did not involve an interlocutory appeal, and it was not based upon any finding that there were "substantial grounds" for a difference of opinion on the question of justiciability. The district judge had issued an order to produce documents and a decision denying a claim of immunity that were immediately appealable, and so, in the opinion cited, the court determined that it had jurisdiction to hear the

appeal. *Miers*, 542 F.3d at 910.  The court did state: "The present dispute is of potentially great significance for the balance of power between the Legislative and Executive Branches." 542 F.3d at 911.  But that was the entire sentence.  The court did not state whether that was the reason it granted the stay pending appeal or whether that was the reason it denied the request for expedition and called for full briefing without the pressure of a shortened schedule.  Here, *if* the Court ultimately orders defendant to do anything, he will have an opportunity to ask both this Court and the Court of Appeals to stay the execution of that order if the conditions for a stay – which are different than the conditions for an interlocutory appeal – are present.  The Court expresses no opinion at this time as to how that motion would be resolved.

      Accordingly, defendant's motion is DENIED.

                                                  /s/ Amy B. Jackson  
                                                  AMY BERMAN JACKSON  
                                                  United States District Judge

DATE:  November 18, 2013