## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COMMITTEE ON OVERSIGHT AND )
GOVERNMENT REFORM, )
UNITED STATES HOUSE )
OF REPRESENTATIVES, )
                                              )
         Plaintiff, )
                                              )        Case No. 1:12-cv-1332 (ABJ)
        v. )
                                              )
ERIC H. HOLDER, JR., )
in his official capacity as )
Attorney General of the United States, )
                                              )
         Defendant. )
_____)

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant objects to Plaintiff's Statement of Material Facts as to Which There is No

Genuine Issue ("Statement"), filed in support of its Motion for Summary Judgment (ECF No.

61), for failure to identify "facts" that are "material" to its motion. *See Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that a fact is "material" only if it "might affect

the outcome of the suit under the governing law").  Rather than providing material facts, Plaintiff

offers, instead, general background information.

Subject to that objection, pursuant to Rule 7(h)(1) of the Rules of the United States

District Court for the District of Columbia, Defendant, by undersigned counsel, respectfully

submits the following response to Plaintiff's Statement.  This response is designed solely to

respond to the Plaintiff's Statement by identifying which of the factual grounds for Plaintiff's

motion are denied.  These disputes relate only to facts Plaintiff proffers, and have no bearing on

Defendant's cross-motion for summary judgment or the factual support for that motion. Defendant maintains that there are no genuine issues of material fact with respect to the grounds entitling Defendant to summary judgment.

The paragraph numbers for these Responses refer to the corresponding numbers in Plaintiff's Statement.

1.     Defendant does not dispute that Plaintiff is a standing committee of the U.S. House of Representatives ("House").  The remainder of this paragraph presents a question of law, not an issue of fact, to which no response is required.

2.     Undisputed.

3.     Undisputed.

4.     Defendant does not dispute that Plaintiff has provided a Web link to true and correct copies of the reports referenced in the paragraph.  Defendant respectfully refers the Court to the reports for a complete and accurate statement of their contents.

5.     Undisputed.  To the extent this paragraph contains characterizations of reports, Defendant respectfully refers the Court to the reports for a complete and accurate statement of their contents.

6.     Defendant does not dispute that Plaintiff has attached true and correct copies of the letters referenced in the paragraph as Exhibits 1 and 2 to the Declaration of Stephen R. Castor ("Castor Declaration") (ECF No. 61-1), and provided a Web link to a true and correct copy of the newspaper article referenced in the paragraph.  Defendant respectfully refers the Court to the letters and the newspaper article for a complete and accurate statement of their contents.

7.      Defendant does not dispute that Plaintiff has attached true and correct copies of the letters referenced in the paragraph as Exhibits 1 and 2 to the Castor Declaration.  Defendant respectfully refers the Court to the letters for a complete and accurate statement of their contents.

8.      Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 3 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

9.      Undisputed.

10.      Undisputed.

11.      Undisputed.

12.      Undisputed subject to clarification.  The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") received an inquiry regarding Fast and Furious from the Committee on March 16, 2011; the Department was working to provide documents responsive to that inquiry, and had in fact informed the Committee that such documents were forthcoming, before it received any subpoena.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 1 (Apr. 1, 2011) ("Weich Apr. 1 Letter") (attached to Def.'s Mot. for Summ. J. as Ex. E).

13.      Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 4 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

14.      Undisputed subject to clarification.  On March 30, 2011, the Department indicated by telephone that it intended to produce to the Committee documents responsive to the March 16 letter within the following week.  *See* Weich Apr. 1 Letter at 1.

15.      Defendant does not dispute that Plaintiff has attached a true and correct copy of the subpoena referenced in the paragraph as Exhibit 5 to the Castor Declaration.  Defendant

respectfully refers the Court to the subpoena for a complete and accurate statement of its

contents.

16.     Disputed.  On June 8, 2011, the Department produced, by email and hand

delivery, a sensitive, non-public document responsive to the Melson subpoena.  *See* Burton Decl.

¶ 11.  In addition, on April 8, 2011, the Department informed the Committee that it had

identified responsive non-public documents and invited Committee staff to review them *in*

*camera*.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 1 (Apr. 8, 2011)

("Weich Apr. 8 Letter") (attached to Def.'s Mot. for Summ. J. as Ex. C).  On May 2, 2011, the

Department provided to the Committee 92 pages of responsive documents, informed the

Committee that it had identified 466 pages of responsive non-public documents, and invited

Committee staff to review those non-public documents *in camera*.  *See* Letter from Assistant

Attorney General Weich to Chairman Issa 1 (May 2, 2011) (attached hereto as Ex. A).  On May

4, 2011, Committee staff reviewed these 466 pages.  *See* Letter from Assistant Attorney General

Weich to Chairman Issa 1 (June 13, 2011) ("Weich June 13 Letter") (attached to Def.'s Mot. for

Summ. J. as Ex. L).  As of June 10, 2011, the Department had provided to the Committee 448

pages of responsive documents, informed the Committee that it had identified nearly 900 pages

of responsive non-public documents, and invited Committee staff to review those non-public

documents *in camera*.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 1

(June 10, 2011) ("Weich June 10 Letter") (ECF No. 61-9).

17.     Disputed.  The Department made only limited redactions, in order to protect

substantial confidentiality interests, to material it made available to Committee staff *in camera*.

*See* Weich June 13, 2011 Letter at 1.  Of 466 pages made available for *in camera* review on May

4, 2011, the Department presented 387 in their entirety, and applied minor redactions to 65; only

14 pages contained significant redactions.  *See id.*  Redactions were applied in a similar manner to other documents made available *in camera*.  *See id.*

18.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 6 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

19.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 7 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

20.     Undisputed.

21.     Undisputed subject to clarification.  As of June 10, 2011, the Department had provided to the Committee 448 pages of responsive documents, informed the Committee that it had identified nearly 900 pages of responsive non-public documents, and invited Committee staff to review those non-public documents *in camera*.  *See* Weich June 10, 2011 Letter at 1. Committee staff had by that date reviewed over 450 pages of non-public documents *in camera*. *See* Weich June 13, 2011 Letter at 1.

22.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 9 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

23.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 27 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

24.     Defendant does not dispute that Kenneth Melson appeared for an interview on July 4, 2011.  The Department requested a copy of the transcript referenced in this paragraph on

multiple occasions, but the Committee did not provide it.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 1 (Jan. 11, 2012) ("Weich Jan. 11 Letter") (attached hereto as Ex. B).  Nor has Plaintiff attached a true and correct copy of the transcript now.  The characterization of the testimony is therefore disputed.  Lest it "be misled because portions of a statement are taken out of context," *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 n.14 (1988); *see also id.* at 171-72, the Court should "require the introduction" of the remainder of the referenced transcript, to which the Department has been denied access, and "which ought in fairness to be considered contemporaneously with" the excerpts cited by the Committee, Fed. R. Evid. 106, before Defendant should be required to respond to this statement.  Furthermore, the Committee's proposal to file the transcript under seal and seek a protective order, *see* Pl.'s Mem. (ECF No. 61) at 14 n.20, 16 n.24, does not remedy the problem, as it is "obvious[] that when one party has made use of a portion of a document, [any] misunderstanding or distortion can be averted only through *presentation* of another portion."  *Beech Aircraft*, 488 U.S. at 172 (emphasis added); *see also id.* at 171 ("[T]he rule of completeness was stated succinctly by Wigmore: '[T]he opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance.'" (citation omitted)).

25.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 11 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

26.     Undisputed subject to clarification.  The letter referenced in this paragraph did not merely request documents; it requested as well answers to nine separate questions (many with sub-questions).  On August 12, 2011, the Federal Bureau of Investigation ("FBI") wrote

Chairman Issa to provide an update on its search, and to provide information in response to the questions that had been raised. *See* Letter from Assistant Director Kelly to Chairman Issa, *et al.*, (Aug. 12, 2011) (attached hereto as Ex. C). On October 5, 2011, the FBI, jointly with the Drug Enforcement Administration ("DEA") and ATF, conducted a briefing for Committee staff intended to provide information responsive to its inquiries; the FBI and DEA showed documents *in camera* at this meeting. *See* Burton Decl. ¶ 18. On October 17, 2011, the FBI conducted a follow-up briefing for Committee staff intended to provide answers to questions that had arisen during the previous meeting. *See id.*

27.      Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 12 to the Castor Declaration. Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

28.      Undisputed subject to clarification. The letter referenced in this paragraph did not merely request documents; it requested information responsive to a specific issue, as well as a briefing to be provided by DEA staff. On July 22, 2011, the DEA wrote a letter providing significant information responsive to the requests, as well as an update on the search for documents, and a request to defer the briefing until the document collection had been completed. *See* Letter from Administrator Leonhart to Chairman Issa, *et al.*, (July 22, 2011) (attached hereto as Ex. D). On October 5, 2011, the DEA, jointly with the FBI and ATF, conducted a briefing for Committee staff intended to provide information responsive to its inquiries; the DEA showed documents *in camera* at this meeting. *See* Burton Decl. ¶ 18. On October 20, 2011, the DEA conducted a follow-up briefing for Committee staff intended to provide answers to questions that had arisen during the previous meeting; documents were made available for *in camera* review at this meeting as well. *See id.*

29.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 28 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

30.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 13 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

31.     Undisputed subject to clarification.  In a series of productions beginning in October 2011 and ending in March 2012, the Department produced over 2000 pages of documents responsive to the referenced letter, among other requests, in addition to making additional responsive material available *in camera*.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 1 (Oct. 31, 2011) ("Weich Oct. 31 Letter") (attached to Def.'s Mot. for Summ. J. as Ex. K) (noting transmittal of 652 pages); Letter from Assistant Attorney General Weich to Chairman Issa 1 (Jan. 5, 2012) ("Weich Jan. 5 Letter") (attached hereto as Ex. E) (482 pages); Letter from Assistant Attorney General Weich to Chairman Issa 1 (Jan. 27, 2012) ("Weich Jan. 27 Letter") (attached hereto as Ex. F) (486 pages); Letter from Assistant Attorney General Weich to Chairman Issa 1 (Feb. 16, 2012) ("Weich Feb. 16 Letter") (attached hereto as Ex. G) (82 pages); Letter from Assistant Attorney General Weich to Chairman Issa 1 (March 2, 2012) ("Weich March 2 Letter") (attached hereto as Ex. H) (26 pages); Letter from Assistant Attorney General Weich to Chairman Issa 2 (March 16, 2012) ("Weich March 16 Letter") (attached hereto as Ex. I) (357 pages).  In the accompanying transmittal letters, the Department provided substantial information regarding the materials being provided and the events they document.  Furthermore, in response to the request for interviews in the letter Plaintiff references in this paragraph, the Department offered to make three attorneys available, and explained its

view why such interviewees could provide the information the Committee was seeking.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 2-3 (Dec. 6, 2011) ("Weich Dec. 6 Letter") (attached hereto as Ex. J).

32.    Undisputed subject to clarification.  In a series of productions beginning in October 2011 and ending in March 2012, the Department produced over 2000 pages of documents responsive to the referenced letter, among other requests, in addition to making additional responsive material available *in camera*.  *See* Weich Oct. 31 Letter at 1 (noting transmittal of 652 pages); Weich Jan. 5 Letter at 1 (482 pages); Weich Jan. 27 Letter at 1 (486 pages); Weich Feb. 16 Letter at 1 (82 pages); Weich March 2 Letter at 1 (26 pages); Weich March 16 Letter at 2 (357 pages).  In the accompanying transmittal letters, the Department provided substantial information regarding the materials being provided and the events they document.  Furthermore, in response to the request for interviews in the letter Plaintiff references in this paragraph, the Department offered to make three attorneys available, and explained its view why such interviewees could provide the information the Committee was seeking.  *See* Weich Dec. 6 Letter at 2-3.

33.    Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 14 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

34.    Undisputed.

35.    Undisputed subject to clarification.  By October 11, 2011, the Department had produced 2050 pages of records responsive to the Committee's inquiries, and had made an additional 1195 pages available for Committee staff to review *in camera*.  *See* Weich October 11, 2011 Letter at 1.  The Department further indicated that it would continue to supplement its

response to the March 31 subpoena, *see id.*, and did in fact supplement that response by providing additional documents, *see* Weich January 27, 2012 Letter at 1.

36.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 16 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

37.     Undisputed.

38.     Defendant does not dispute that the Committee justified this second focus on the grounds it has articulated.  Others have articulated different reasons.  *See* Mem. Amici Curiae of Reps. Elijah E. Cummings, John Conyers, Jr., Henry A. Waxman, Edolphus Towns, and Louise M. Slaughter in Supp. of Dismissal at 8-9 (ECF No. 30) (explaining that the Committee's "actions led many observers" to conclude that the Committee was "more focused on the partisan goal of holding the Attorney General in contempt than on the legislative goal of obtaining information pertinent to its investigation").

39.     Defendant does not dispute that Plaintiff has attached true and correct copies of the subpoenas referenced in the paragraph as Exhibits 17 and 26 of the Castor Declaration. Defendant respectfully refers the Court to the subpoenas for a complete and accurate statement of their contents.

40.     Undisputed subject to clarification.  The Department had, by October 25, 2011, produced 2050 pages of records responsive to the Committee's inquiries into Operation Fast and Furious, and had made an additional 1195 pages available for Committee staff to review *in camera*.  *See* Letter from Assistant Attorney General Weich to Chairman Issa 1 (Oct. 11, 2011) ("Weich Oct. 11 Letter") (ECF No. 61-17).  In addition, on or before October 25, 2011, the Department had engaged in extensive discussions with Committee staff by telephone regarding

the Committee's October 11 subpoena, including discussion of the search for documents the Department would undertake, and the sensitivity associated with some of the documents that were responsive to the October 11 subpoena. *See* Burton Decl. ¶¶ 11-12; *see also* Weich Oct. 11 Letter at 2 (raising similar issues before service of October 11 subpoena).

41.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 18 to the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

42.     Undisputed subject to clarification.  Between October 11, 2011, and the date of the filing of this lawsuit, the Department produced or made available over 5500 pages of documents responsive to the October 11 subpoena. *Compare* Weich Oct. 11 Letter at 1 (explaining that, by October 11, 2011, the Department had produced 2050 pages of documents responsive to the Committee's inquiries) *with* Letter from Deputy Attorney General Cole to Chairman Issa 4 (May 15, 2012) ("Cole May 15 Letter") (attached to Def.'s Mot. for Summ. J. as Ex. A) (explaining that, by May 15, 2012, the Department had provided access to over 7600 pages of documents responsive to the Committee's inquiries).

43.     Undisputed subject to clarification.  The Department made only limited redactions, in order to protect substantial confidentiality interests, to material it made available to the Committee. *See* Weich June 13, 2011 Letter at 1.  It further took time-consuming steps, as a courtesy and to facilitate the Committee's efficient review, to manually de-duplicate documents provided to the Committee. *See* Cole May 15 Letter at 5.

44.     Undisputed subject to clarification.  The Department's Inspector General ("IG"), as a Department official, may appropriately review law enforcement sensitive material of the sort that cannot be shared with Congress; the Department removed duplicate pages from its

productions to Congress, a time-consuming process it did not undertake for the IG; and the IG

obtained some material from sources other than the Department.  *See* Cole May 15 Letter at 5.

45.     Defendant does not dispute that, on December 8, 2011, the Attorney General

testified before the House Committee on the Judiciary.  Defendant respectfully refers the Court

to the testimony transcript for a complete and accurate statement of the Attorney General's

remarks.

46.     Defendant does not dispute that Gary Grindler appeared for an interview on

December 14, 2011.  The Department requested a copy of the transcript referenced in this

paragraph, but the Committee did not provide it.  *See* Weich Jan. 11 Letter at 1.  Nor has Plaintiff

attached a true and correct copy of the transcript now.  The characterization of the testimony is

therefore disputed.  Lest it "be misled because portions of a statement are taken out of context,"

*Beech Aircraft*, 488 U.S. at 171 n.14; *see also id.* at 171-72, the Court should "require the

introduction" of the remainder of the referenced transcript, to which the Department has been

denied access, and "which ought in fairness to be considered contemporaneously with" the

excerpts cited by the Committee, Fed. R. Evid. 106, before Defendant should be required to

respond to this statement.  Furthermore, the Committee's proposal to file the transcript under seal

and seek a protective order, *see* Pl.'s Mem. at 14 n.20, 16 n.24, does not remedy the problem, as

it is "obvious[] that when one party has made use of a portion of a document, [any]

misunderstanding or distortion can be averted only through *presentation* of another portion."

*Beech Aircraft*, 488 U.S. at 172 (emphasis added); *see also id.* at 171 ("[T]he rule of

completeness was stated succinctly by Wigmore: '[T]he opponent, against whom a part of an

utterance has been put in, may in his turn complement it by putting in the remainder, in order to

secure for the tribunal a complete understanding of the total tenor and effect of the utterance.'"
(citation omitted)).

47.     Defendant does not dispute that Jason Weinstein appeared for an interview on
January 10, 2012.  The Department requested a copy of the transcript referenced in this
paragraph, but the Committee did not provide it.  *See* Weich Jan. 11 Letter at 1.  Nor has Plaintiff
attached a true and correct copy of the transcript now.  The characterization of the testimony is
therefore disputed.  Lest it "be misled because portions of a statement are taken out of context,"
*Beech Aircraft*, 488 U.S. at 171 n.14; *see also id.* at 171-72, the Court should "require the
introduction" of the remainder of the referenced transcript, to which the Department has been
denied access, and "which ought in fairness to be considered contemporaneously with" the
excerpts cited by the Committee, Fed. R. Evid. 106, before Defendant should be required to
respond to this statement.  Furthermore, the Committee's proposal to file the transcript under seal
and seek a protective order, *see* Pl.'s Mem. at 14 n.20, 16 n.24, does not remedy the problem, as
it is "obvious[] that when one party has made use of a portion of a document, [any]
misunderstanding or distortion can be averted only through *presentation* of another portion."
*Beech Aircraft*, 488 U.S. at 172 (emphasis added); *see also id.* at 171 ("[T]he rule of
completeness was stated succinctly by Wigmore: '[T]he opponent, against whom a part of an
utterance has been put in, may in his turn complement it by putting in the remainder, in order to
secure for the tribunal a complete understanding of the total tenor and effect of the utterance.'"
(citation omitted)).

48.     Defendant does not dispute that Plaintiff has attached a true and correct copy of
the letter referenced in the paragraph as Exhibit 21 to the Castor Declaration.  Defendant
respectfully refers the Court to the letter for a complete and accurate statement of its contents.

49.     Undisputed subject to clarification.  The Department explained to the Committee, on numerous occasions both before and after service of the October 11 subpoena, the basis for its confidentiality and sensitivity objections.  *See, e.g.*, Weich Apr. 8 Letter at 1-2; Weich Oct. 11 Letter at 1-2; Burton Decl. ¶¶ 11-12 (describing telephone conversations of October 2011); Letter from Deputy Attorney General Cole to Chairman Issa 1 (Dec. 2, 2011) ("Cole Dec. 2 Letter") (ECF No. 17-2); Cole May 15 Letter at 5-8; Letter from Attorney General Holder to Chairman Issa 1 (June 14, 2012) ("Holder June 14 Letter") (ECF No. 13-4).

50.     Defendant does not dispute that the Committee met on June 20, 2012, and voted 23-17 to report the contempt resolution to the full House of Representatives.  Defendant respectfully refers the Court to the Committee report referenced in this paragraph for a complete and accurate statement of its contents.

51.     Defendant does not dispute that, on June 28, 2012, the House voted to pass House Resolution 711.  Defendant respectfully refers the Court to the resolution and the accompanying congressional record for a complete and accurate statement of their contents.

52.     Defendant does not dispute that, on June 28, 2012, the House voted to pass House Resolution 711.  Defendant respectfully refers the Court to the resolution and the accompanying congressional record for a complete and accurate statement of their contents.  Defendant does not dispute that Plaintiff has attached true and correct copies of the letters referenced in the paragraph as Exhibits 22 and 23 of the Castor Declaration.  Defendant respectfully refers the Court to the letters for a complete and accurate statement of their contents.  The remainder of this paragraph presents a question of law, not an issue of fact, to which no response is required.

53.     Defendant does not dispute that Plaintiff has attached a true and correct copy of the letter referenced in the paragraph as Exhibit 24 of the Castor Declaration.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

54.     Undisputed.

55.     Undisputed.

56.     Defendant does not dispute that the Committee has not yet produced part three of its series, or that the Committee is seeking additional documents.  But the Committee has already obtained significant amounts of information documenting the period in question, including over 1300 pages demonstrating the drafting of the February 4, 2011 letter, *see* Cole Dec. 2 Letter, a report of the Department's Inspector General containing an entire chapter on the Department's response to congressional inquiries into Fast and Furious, *see* U.S. Dep't of Justice, Office of the Inspector Gen., A Review of ATF's Operation Fast and Furious and Related Matters at 329-417 (2012), *available at* http://www.justice.gov/oig/reports/2012/s1209.pdf), and over three hundred pages of material referenced in the Inspector General's report, *see* Burton Decl. ¶ 22.  The Committee also rejected the Department's attempts to provide additional information concerning the period in question.  *See, e.g.*, Letter from Deputy Attorney General Cole to Chairman Issa 1 (June 19, 2012) (ECF No. 13-6).

57.     Undisputed.

58.     Undisputed subject to clarification.  The Department produced to the Committee 309 pages of material concurrently with the release of the IG Report.  *See* Burton Decl. ¶ 22.

59.     Disputed.  The cited materials do no support the proposition that, on January 4, 2013, the Committee issued the Attorney General a new document subpoena.

60.     Undisputed subject to clarification.  By January 7, 2013, the Department had made available over 7900 pages of material responsive to the Committee's inquiries, either in hard copy or *in camera*, *see* Cole May 15 Letter at 4; Burton Decl. ¶ 22, and had explained to the Committee, on numerous occasions, the basis for its confidentiality and sensitivity objections, *see, e.g.*, Weich Apr. 8 Letter at 1-2; Weich Oct. 11 Letter at 1-2; Burton Decl. ¶¶ 11-12; Cole Dec. 2 Letter at 1; Cole May 15 Letter at 5-8; Holder June 14 Letter at 1.  It had also by then explained to the Committee that the President had asserted Executive Privilege over the relevant materials.  *See, e.g.*, Letter from Deputy Attorney General Cole to Chairman Issa 1 (June 20, 2012) ("Cole June 20 Letter") (ECF No. 17-3).

61.     Undisputed subject to clarification.  The Department has explained to the Committee, on numerous occasions, the basis for its confidentiality and sensitivity objections. *See, e.g.*, Weich Apr. 8 Letter at 1-2; Weich Oct. 11 Letter at 1-2; Burton Decl. ¶¶ 11-12; Cole Dec. 2 Letter at 1; Cole May 15 Letter at 5-8; Holder June 14 Letter at 1.  It has also explained to the Committee that the President has asserted Executive Privilege over the relevant materials. *See, e.g.*, Cole June 20 Letter at 1.

62.     Defendant does not dispute that, on September 30, 2013, the Court issued a Memorandum Opinion.  Defendant respectfully refers the Court to that Memorandum Opinion for a complete and accurate statement of its contents.

63.     Defendant does not dispute that, on November 15, 2013, the Department filed Defendant's Motion for Certification of This Court's September 30, 2013 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).  Defendant respectfully refers the Court to that motion for a complete and accurate statement of its contents.

64.     Defendant does not dispute that Plaintiff has attached a true and correct copy of

the letter referenced in the paragraph as Castor Exhibit 29.  Defendant respectfully refers the

Court to the letter for a complete and accurate statement of its contents.

Dated: January 21, 2014                         Respectfully submitted,


                                                STUART F. DELERY
                                                Assistant Attorney General

                                                KATHLEEN R. HARTNETT
                                                Deputy Assistant Attorney General

                                                JOSEPH H. HUNT
                                                Director, Federal Programs Branch

                                                JOHN R. TYLER
                                                Assistant Branch Director


                                                _____*/s/ Eric Womack*_____
                                                ERIC R. WOMACK
                                                (IL Bar No. 6279517)
                                                GREGORY DWORKOWITZ
                                                (NY Bar Registration No. 4796041)
                                                LUKE M. JONES
                                                (VA Bar No. 75053)
                                                Trial Attorneys
                                                U.S. Department of Justice
                                                Civil Division
                                                Federal Programs Branch
                                                Washington, D.C. 20001
                                                Tel: (202) 514-4020
                                                Fax: (202) 616-8470
                                                eric.womack@usdoj.gov

                                                Counsel for Defendant