*Comm. on Oversight & Gov't Reform, U.S. House of Reps. v. Holder*, No. 12-1332 (ABJ)

DEFENDANT'S RESPONSE TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Ex. H



**U.S. Department of Justice**

Office of Legislative Affairs

Office of the Assistant Attorney General		*Washington, D.C. 20530*

March 2, 2012

The Honorable Darrell E. Issa
Chairman
Committee on Oversight
  and Government Reform
U.S. House of Representatives
Washington, DC  20515

Dear Mr. Chairman:

      This supplements our previous responses to your subpoena dated October 11, 2011, which requested documents regarding the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) investigation known as Operation Fast and Furious and related matters, and your letter dated September 1, 2011, requesting documents and communications of six current or former employees in the United States Attorney's Office of the District of Arizona.

      In addition to the documents we provided to you on February 27th and February 28th, we are delivering today to your office 26 pages of material.[1]  We have identified an additional 17 pages that we are prepared to make available at the Department for review by staff of your Committee, as well as staff of the Senate and House Committees on the Judiciary.  In addition to your letter of September 1, 2011, the documents are responsive to subpoena items 4 and 5.  Consistent with established third-agency practice, we are in the process of consulting with the Department of Homeland Security and the Department of State regarding documents that implicate their equities.  We will supplement this response when those consultations are completed.

      To assist the Committee in its oversight duties, we appreciate the opportunity to provide relevant and necessary context for some of the documents in today's production.  We have previously produced to you documents relating to the Wide Receiver and Medrano investigations.  Today's production includes additional documents relating to those matters.  For example, an email dated September 22, 2011 from an FFL to the gang unit prosecutor handling the Wide Receiver matter is enclosed.  HOGR DOJ 006278.[2]  The email appeared as an exhibit to a motion to dismiss charges that was filed in court by a defendant in one of the Wide Receiver prosecutions.  The motion to dismiss was denied by the judge in the case shortly after it was

---

[1] These documents bear limited redactions to protect law-enforcement sensitive details, including text that would identify targets and sensitive techniques, plus limited information implicating individual privacy interests.  In response to requests from Chairman Smith and Chairman Leahy, we will deliver to the House and Senate Committees on the Judiciary the same documents that we deliver to you.

[2] The highlighting in the document appears in the version that the defendant filed with the court.

The Honorable Darrell E. Issa
Page 2

filed. Also included in today's production is an ATF Operational Plan from the Wide Receiver investigation dated May 31, 2007. HOGR DOJ 006279-80. The Operational Plan reflects ATF's intention to conduct surveillance at an FFL where firearms were to be purchased by suspects in the Wide Receiver case and to "subsequently follow these individuals to their border crossing at the U.S./Mexico border, where Mexican enforcement authorities will follow the firearms to their final destination in Mexico." HOGR DOJ 006279.

Also being produced today is a criminal complaint filed in the Medrano matter on December 10, 2008.[3] HOGR DOJ 006281-86. Paragraphs 11 and 12 of the Complaint reflect that, on or about June 17, 2008, Medrano and another individual went to an FFL and purchased 6 rifles. HOGR DOJ 006283. The complaint indicates that the two men "placed the six (6) riles in the back seat of their vehicle" and drove "to the Douglas Port of Entry where they both entered into Mexico with at least" those six rifles "in the vehicle." HOGR DOJ 006283. An ATF Operational Plan dated December 11, 2008 is also included with our production. HOGR DOJ 006288-89. It appears to provide more information about these events. It says that, in June 2008, agents "observed" Medrano and the other individual "place the firearms in the backseat and trunk. Agents and officers surveilled the vehicle to Douglas, AZ where it crossed into Mexico at the Douglas Port of Entry (POE) before a stop at the border could be coordinated with CBP." HOGR DOJ 006289. Finally, we produce today an excerpt from the ATF case management log for the Medrano matter. The log reflects that, in October 2008, an ATF agent discussed the Medrano case with an Assistant United States Attorney, who advised the agent that she was "uneasy with straw cases. Advised [sic] that purchases followed by immediate border crossings and two traces define pc." HOGR DOJ 006287.

The Wide Receiver and Medrano documents discussed above appear to reflect instances where firearms were allowed to cross the border in an uncontrolled fashion with no immediate interdiction by Mexican law enforcement authorities on the other side of the border. Such uncontrolled deliveries to Mexico were and are unacceptable.

We hope this information is helpful. Our efforts to identify documents responsive to your subpoena are continuing and we will supplement this response when additional documents become available. Please do not hesitate to contact this office if we may be of additional assistance in this or any other matter.

Sincerely,

Ronald Weich
Assistant Attorney General

Enclosures

cc:   The Honorable Elijah Cummings
      Ranking Minority Member

---

[3] As noted on the document, the complaint was unsealed by the court on January 8, 2009.

The Honorable Darrell E. Issa
Page 3

      The Honorable Patrick J. Leahy
      Chairman
      Committee on the Judiciary
      United States Senate

      The Honorable Charles E. Grassley
      Ranking Minority Member
      Committee on the Judiciary
      United States Senate