**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| _____ ) | |
| COMMITTEE ON OVERSIGHT AND ) | |
| GOVERNMENT REFORM, UNITED ) | |
| STATES HOUSE OF ) | |
| REPRESENTATIVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1332 (ABJ) |
| ) | |
| ERIC H. HOLDER, JR., Attorney ) | |
| General of the United States, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## <u>ORDER</u>

Upon consideration of plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment, oral argument heard on May 15, 2014, and for the reasons stated in open court on this date and set forth below, the Court will deny both motions without prejudice. The precedent binding on this Court establishes the existence of a deliberative process privilege as a form of executive privilege, but it also sets forth the prerequisites that must be established before that privilege can be recognized.

Both parties have directed the Court to *In re Sealed Case (Espy),* 121 F.3d 729 (D.C. Cir. 1997), which arose out of the prosecution of former Secretary of Agriculture Michael Espy. In that case, the Court of Appeals said quite clearly:

> Since the beginnings of our nation, executive officials have claimed a variety of privileges to resist disclosure of information the confidentiality of which they felt was crucial to fulfillment of the unique role and responsibilities of the executive branch of our government. . . .

> The most frequent form of executive privilege raised in the judicial arena is the deliberative process privilege; it allows the government to withhold documents and other materials that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.

*Id.* at 121 F.3d 736–37 (internal quotations omitted).

The Committee questions the applicability of the privilege here, but *Espy* does not hold – and no case cited by the Committee holds – that the *only* privilege the executive can invoke is the privilege that shields Presidential communications, or that the only documents that can be withheld are those that implicate foreign policy or national security.

While privileges grounded in those concerns may have greater constitutional implications, and the privilege shielding executive communications may require a different showing before it can be overcome, the Court did note in the *Espy* opinion that "[s]ome aspects of the [deliberative process] privilege, for example the protection accorded the mental processes of agency officials, have roots in the constitutional separation of powers."  *Id.* at 737 n.4 (citations omitted).  And it described the deliberative process privilege and the Presidential communications privilege as "closely affiliated"; "[b]oth are executive privileges designed to protect executive branch decisionmaking."  *Id.* at 745.  So, the Court rejects the Committee's suggestion that the only privilege the executive can invoke in response to a subpoena is the Presidential communications privilege.

But as the *Espy* decision makes clear, there are two essential requirements for application of the deliberative process privilege:  the material covered by the privilege must be predecisional, and it must be deliberative.

> Both requirements stem from the privilege's "ultimate purpose[, which] . . . is to prevent injury to the quality of agency decisions" by allowing government officials freedom to debate alternative approaches in private.

2

> The deliberative process privilege does not shield documents that simply state or explain a decision the government has already made or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations.

*Id.* at 737 (citations omitted).  And it is equally important to note that the deliberative privilege is a qualified privilege, and it can be overcome by a sufficient showing of need.

This is a lower threshold to overcome than the privilege that covers Presidential communications.  "[C]ongressional or judicial negation of the presidential communications privilege is subject to greater scrutiny than denial of the deliberative privilege."  *Id.* at 745.

According to the D.C. Circuit, then, when dealing with the deliberative process privilege, a court must balance the competing interests on a flexible, case by case, ad hoc basis, taking into consideration such factors as the relevance of the evidence, the availability of other evidence, the seriousness of the litigation (or in this case, the investigation), and the harm that could flow from disclosure – i.e., the risk of inhibiting or intimidating government employees in the future.  *Id.* at 738.  And, as the Committee has pointed out, if there is reason to believe that the documents would shed light on government misconduct, that is a factor that weighs heavily in favor of disclosure.  *Id.* at 738.

But we are not there yet.

Entering judgment for either party would be premature as the Court cannot determine based on this record whether the disputed documents even fall within the scope of the privilege. This first step of the analysis must be undertaken before any balancing of the competing interests can occur.

The Attorney General's position – that all documents generated after a particular date can be withheld, *regardless of whether they are deliberative or not* – is unsustainable.  This assertion

3

does not satisfy either of the essential components of the privilege, and the Attorney General has not cited any authority that would justify this sort of blanket approach.  But the Committee's position – that therefore, all of the documents must be produced forthwith – is equally lacking in support.

Accordingly, at this point, defendant must conduct his own document-by-document analysis and determine which records, in his view, satisfy both prongs of the privilege.  Any documents that are not both predecisional and deliberative cannot find shelter under the privilege.  Since there has been no other claim of privilege asserted, they are subject to the subpoena.  Further, any segregable factual sections of documents that do not fall under the deliberative process privilege, *see In re Sealed Case*, 121 F.3d at 740, are also subject to the subpoena.

To facilitate judicial review of any claims of privilege that remain, defendant must prepare a detailed list that identifies and describes the material in a manner "sufficient to enable resolution of any privilege claims."  *See Committee on the Judiciary v. Miers,* 558 F. Supp. 2d 53, 107 (D.D.C. 2008); and Fed. R. Civ. Proc. 45(e)(2)(A)(ii).  The list should set forth not only the author and recipient(s) and the general subject matter of the record being withheld, but the basis for the assertion of the privilege; in particular, defendant should specify the decision that the deliberations contained in the document precede.

The Court will not address in a vacuum the Committee's contention that deliberations that preceded certain kinds of decisions should not be protected.  The Court needs to be informed of the grounds upon which the privilege is actually being invoked rather than ruling on hypothetical possibilities.

The list will then be produced to the Committee, along with all of the non-privileged records.  The Committee will then have the opportunity to agree, based upon the descriptions provided, that the material falls within the privilege, notwithstanding its contention that the privilege should not apply at all.

The language cited in *Espy* above does not support the Committee's contention that the deliberative process privilege cannot be asserted at all if it is Congress that is making the request. Indeed, the Court in *Espy* specifically mentions balancing a claim of the privilege against Congressional demands.  *See* 121 F.3d at 753.  But the Court does not need to address that issue further if it concludes that the documents are not privileged in the first place.

So, for any documents over which a claim of privilege has been asserted and for which the claim is disputed, the Court will rule, presumably after an *in camera* review, whether the privilege applies.

It is only after that point that the Court will take up the question of whether the privilege has been outweighed by the need for the records, which the Committee cannot articulate with specificity – and the Court cannot assess – until it is clear which documents are being withheld.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment [#61] and defendant's cross-motion for summary judgment [#63] are DENIED without prejudice.

It is further ORDERED that defendant shall produce the non-privileged documents and detailed list of documents being withheld as privileged to the Committee by October 1, 2014, as set forth above, and the parties shall file a notice identifying any disputed privilege claims by October 17, 2014.

If the parties find it necessary to propose an alternative schedule, they may jointly file a proposed alternative schedule by September 2, 2014.  If the parties cannot agree, the Attorney

General must file any request to extend the schedule by September 2, 2014, and he must set forth good cause for the request. Any response by the Committee to defendant's proposed schedule would be due by September 8, 2014.

Finally, it is further ORDERED that plaintiff's motion to strike [#70] is DENIED as moot.

AMY BERMAN JACKSON
United States District Judge

DATE: August 20, 2014