# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____    )
                                        )
COMMITTEE ON OVERSIGHT AND              )
GOVERNMENT REFORM, UNITED               )
STATES HOUSE OF                         )
REPRESENTATIVES,                        )
                                        )
                  Plaintiff,            )
                                        )
            v.                          )   Civil Action No. 12-1332 (ABJ)
                                        )
ERIC H. HOLDER, JR., Attorney           )
General of the United States,           )
                                        )
                  Defendant.            )
_____    )
```

## ORDER

Pending before the Court are two motions related to the order issued on August 20, 2014 [Dkt. # 81] ("Order"):  Plaintiff's Motion to Clarify August 20, 2014 Order [Dkt. #83] ("Pl.'s Mot.") and Defendant's Motion for a Partial Stay of, and Partial Relief from, the Court's Order of August 20, 2014 [Dkt. # 84] ("Def.'s Mot.").  For the reasons set forth below, the Court will deny plaintiff's motion, grant in part and deny in part defendant's motion for an extension of time and to modify the Court's Order, and defer ruling on defendant's motion for a stay pending his response to the Court's question below.

### I.    Plaintiff's Motion to Clarify is Denied.

The Court denies plaintiff's motion to "clarify" because, first of all, the motion does not actually indicate that there was anything unclear about the Order.  Rather, the Committee seeks to modify the Order by adding a requirement that defendant specify the date of the decision to

which any pre-decisional, deliberative materials relate.  But this proposed modification is unwarranted.

The Court ordered defendant to describe material being withheld under the deliberative process privilege in a manner "sufficient to enable the resolution of any privilege claims."  Order at 4, quoting *Committee on the Judiciary v. Miers,* 558 F. Supp. 2d 53, 107 (D.D.C. 2008) and Fed. R. Civ. Proc. 45(e)(2)(A)(ii).  Plaintiff does not cite, and the Court has not found, any legal authority that would require defendant to specify the date of any decision that was under consideration in the deliberative document; indeed, there is no legal requirement that an ultimate decision have been made at all.  *See Access Reports v. DOJ,* 926 F. 2d 1192, 1194 (D.C. Cir. 1991) ("[T]he Department's failure to 'pinpoint' a later decision is not fatal to its claim of privilege."); *id.* at 1196 ("Any requirement of a specific decision *after* the creation of the document would defeat the purpose of the exemption.  At the time of writing the author could not know whether the decisionmaking process would lead to a clear decision, establishing the privilege, or fizzle, defeating it.  Hedging his bets, he would be drawn into precisely the caution . . . that the exemption seeks to render unnecessary.")

Furthermore, the Committee's claim that without the dates, it will not have sufficient information to determine whether it objects to the invocation of the privilege in any particular instance is premature given that it has not yet seen what information defendant will provide in response to the Order.  Accordingly, plaintiff's motion is denied.[1]

---

1       The Court also declines plaintiff's invitation to address what information defendant may or may not redact when additional material is produced pursuant to the subpoena.  *See* Pl.'s Response to Def.'s Request to Alter Schedule Established in Court's Order of Aug. 20, 2014 [Dkt. # 87] at 5–6, 8.  That issue is not before the Court at this time.

## II.      Defendant's Motion is Granted in Part and Denied in Part.

### A.      The Extension of Time

Defendant's motion seeks an extension from October 1, 2014 to December 15, 2014 to provide the detailed list of documents being withheld as privileged.  Based upon a consideration of all of the facts and circumstances set forth by both parties, the Court grants in part and denies in part this extension request.[2]  The Court notes that in *Judicial Watch, Inc. v. DOJ*, 12-cv-1510, which involves a FOIA request for the same documents as those at issue here, the Department of Justice has been ordered to produce a Vaughn index by October 1, 2014.  Since the deadline in *Judicial Watch* was set first, it makes sense for defendant to complete that effort and then turn his attention to the list that is due in this case.  But that should take considerably less time to prepare given the work that will have gone into the *Judicial Watch* index.  Accordingly, it is ordered that defendant shall have until November 3, 2014 to provide the list of privileged documents, and that the Committee shall have until November 26, 2014 to identify the disputed claims.

### B.      Modification of the Order

Defendant also asks the Court to modify the Order so that he will not be required to "specify" the particular decision or decisions that the discussions contained in any claimed deliberative documents preceded.  Def.'s Mot. at 1.  The Court also grants this request in part and denies it in part.

The law is clear that the deliberative process privilege is designed to protect the "decision making processes of government agencies," *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150

---

2      The Court is aware that the Committee conditioned its willingness to agree to an extension upon the receipt of a statement by the Attorney General that he intended to forego an interlocutory appeal, so this Order is not premised upon the Committee's consent.  *See* Pl.'s Response to Def.'s Request to Alter Schedule at 7.

3

(1975), quoting *Tennessean Newspapers, Inc. v. FHA*, 464 F.2d 657, 660 (6th Cir. 1972), and citing *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 40 F.R.D. 318 (D.D.C. 1966), and the cases "focus on documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *NLRB v. Sears*, 421 U.S. at 150, quoting *Carl Zeiss Stiftung*, 40 F.R.D. at 324.  The *NLRB* opinion goes on to describe the privilege as shielding "communications received by the decisionmaker on the subject of the decision prior to the time the decision is made," *id.* at 151, and "papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *Id.* at 153.  The opinion also notes that the privilege does not cover "communications with respect to the decision occurring after the decision is finally reached," including communications that explain the decision or set out the basis for an agency policy actually adopted.  *Id.* at 151–52.

It is true that in the *NLRB* case, the Supreme Court also noted in a footnote:

> Our emphasis on the need to protect pre-decisional documents does not mean that the existence of the privilege turns on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared.  Agencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and the lower courts should be wary of interfering with this process.

*Id.* at 153, n.18.

But this Court did not rule that the availability of the privilege here would hinge on defendants' ability to identify a specific decision that was ultimately made, to which the records pertain.  Rather, the purpose of the Court's Order that defendant should "specify the decision that the deliberations in the document precede" was to make clear that information concerning the decision under consideration would be of use to the Court in resolving any disputed privilege

claims.  As the Court of Appeals noted in *Access Reports v. DOJ*, 926 F.2d at 1196, a case relied upon by defendant, the D.C. Circuit has remanded cases in the past when the government's allegations supporting the privilege were "conclusory," *see Senate of P.R. v. DOJ*, 823 F.2d 574, 585 (D.C. Cir. 1987); or the district court's analysis was "cursory," *see Paisley v. CIA*, 712 F.2d 686, 698 (D.C. Cir. 1983), *vacated in part on other grounds*, 724 F.2d 201 (D.C. Cir. 1984).  The D.C. Circuit explained:  "In both[,] we were concerned that there might be 'no definable decisionmaking process' to which the documents contributed. . . .  Accordingly, we directed the lower court's attention on remand in each case to the question of whether, in fact, the documents had contributed to a deliberative process within the agency."  *Access Reports,* 926 F. 2d at 1196.  The Court of Appeals also made clear that the exemption is "aimed at protecting the decisional *process*," *id.* (emphasis in original), even if that process never ripens into an agency decision.

So, while this Court agrees with the Attorney General's suggestion that a record might be deliberative even if a specific, final decision was never made, the case law does not go so far as to hold that the identification of some policy or decision *under consideration* would be irrelevant to the privilege analysis.  Therefore, to ensure that the Order comports with this precedent without suggesting that a final decision is a necessary component of the privilege, the Order of August 20, 2014 is modified as follows:

> To facilitate judicial review of any claims of privilege that remain, defendant must prepare a detailed list that identifies and describes the material in a manner "sufficient to enable resolution of any privilege claims."  *See Committee on the Judiciary v. Miers,* 558 F. Supp. 2d 53, 107 (D.D.C. 2008); and Fed. R. Civ. Proc. 45(e)(2)(A)(ii).  The list should set forth not only the author and recipient(s) and the general subject matter of the record being withheld, but the basis for the assertion of the privilege; in particular, defendant should describe the decisionmaking process to which the document contributed, by, for example, identifying the decision, policy, or action under consideration in the document, whether or not the decision, policy, or action was eventually adopted or undertaken.

### C.    Stay of Order to Produce

Finally, defendant's motion asks the Court to stay the part of the Order that requires him to produce non-privileged records.  The Court will defer ruling on that portion of defendant's motion pending the receipt of further information from defendant.  Specifically, the Court orders defendant to respond to the following question:

> The Committee issued a subpoena for records and the Attorney General does not contest the legitimacy of the subpoena or of the Committee's inquiry.  The Attorney General withheld records dated after February 4, 2011 on one ground only:  the deliberative process privilege.  The Court has now ordered defendant to review the records and determine if, in defendant's own view, each record satisfies the elements of the privilege; that is, are the records both deliberative and predecisional?  If defendant concludes that certain records are not, what would be the legal basis for withholding them or challenging the Order to produce them?

Defendant's response is due by Monday, September 15, 2014.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  September 9, 2014

6