IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON OVERSIGHT AND ) <br> GOVERNMENT REFORM, ) <br> UNITED STATES HOUSE ) <br> OF REPRESENTATIVES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC H. HOLDER, JR., ) <br> in his official capacity as ) <br> Attorney General of the United States, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 1:12-cv-1332 (ABJ) |

**DEFENDANT'S RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 9, 2014**

**INTRODUCTION**

On September 2, 2014, the Department of Justice ("Department") moved for, among other things, a stay until the conclusion of this litigation in district court of this Court's August 20, 2014 injunctive Order to produce certain documents to the Committee on Oversight and Government Reform, U.S. House of Representatives ("Committee") by October 1, 2014.  The Court has deferred ruling on that request for relief, pending the Department's response to this question: "If defendant concludes that certain records are not [both deliberative and predecisional], what would be the legal basis for withholding them or challenging the Order to produce them?"  September 9, 2014 Order (ECF No. 88) ("Sept. 9 Order") at 6.

The Department respectfully submits that it identified in its summary judgment filings legal bases in support of the Executive Privilege for withholding all records at issue in this case, including records or parts of records that are neither deliberative nor predecisional.  In particular,

the assertion of Executive Privilege that is at issue in this case extends to "the Department's internal records related to its response to Congress – essentially its 'work file' on how it responds to this ongoing inquiry," Mem. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Summ. J. Mem.") (ECF No. 63) at 3, and it applies "regardless of whether the documents are factual or deliberative in nature," *e.g.*, *id.* at 28.  The Department recognizes that, in its August 20 Order, this Court rejected the application of Executive Privilege to non-deliberative documents, and that this conclusion would, absent an appeal to and reversal by the D.C. Circuit, require production of documents.  However, the Department requested that the Court exercise its discretion to stay any production requirements until the conclusion of the district court litigation, so as to avoid the possibility of piecemeal appeals from multiple injunctive orders, such as the August 20 Order. The Department respectfully submits that it would be preferable for the parties, this Court, and the D.C. Circuit—if an appeal were taken—to have any injunctive order await the conclusion of the district court litigation to allow for orderly and complete appellate proceedings.

## STATEMENT

As the Department explained on summary judgment, the President asserted a constitutionally based Executive Privilege over "the Department's internal records related to its response to Congress – essentially its 'work file' on how it responds to this ongoing inquiry." Def.'s Summ. J. Mem. at 3.  As the Department stated, there were "at least two underlying justifications" for the assertion.  *Id.* at 20.  First, the assertion served to protect "the Executive Branch's deliberative process with respect to its engagement with Congress." *Id.*; *see also id.* at 21-27.  Second, the assertion served to protect "materials related to the Executive's response to Congress – its congressional response work product." *Id.* at 20; *see also id.* at 27-30. Analogizing to the common law attorney work product privilege, the Department argued that the

entirety of its work file, including non-deliberative documents, was entitled to protection in order to "preserve the integrity of the negotiation and accommodation process and the separation of powers." *Id.* at 20-21; *see, e.g.*, *id.* at 28-29 ("[T]he attorney work product privilege applies broadly to protect documents prepared in anticipation of litigation, regardless of whether the documents are factual or deliberative in nature. . . .  For analogous reasons, disclosure to Congress of the documents at issue here would interfere with the Executive Branch's ability to perform its constitutional functions.").  Thus, the assertion applied to the entirety of the withheld documents, regardless whether "the documents [we]re factual or deliberative in nature." *Id.* at 28.[1]

In addition, the Department has indicated that certain, limited information contained within the records subject to the Executive Privilege assertion is protectable because it is law enforcement sensitive or raises personal privacy concerns, and that certain, limited other information contained within the documents is not responsive to the subject of the Committee's inquiries. *See, e.g.*, Letter from Assistant Attorney General Weich to Chairman Issa 1 (Oct. 31, 2011) (ECF No. 63-13) (explaining concerns about providing "specific details about pending investigations, . . . information relating to line employees, such as their cellular phone numbers," information "implicat[ing] personal privacy interests," as well as material from "multi-subject documents . . . that contained text that was either not responsive or contained details of particular investigations other than Fast and Furious").  The Department explained in its summary

---

[1] *See also* Letter from Attorney General Holder to the President 3 (June 19, 2012) (ECF No. 63-10) (explaining that privilege would apply "regardless of whether a given document contains deliberative content"); Def.'s Mot. for Certification of this Court's September 30, 2013 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 57) at 8-9 ("[T]he documents covered by the President's claim of Executive Privilege . . . do not all contain material that would be considered deliberative under common law or statutory standards.").

judgment papers that such privileges were implicated in this case, and that it would be appropriate for the Court to consider them if the Court were not to accept the Department's broader "work file" argument that would have protected all of the documents in full. *See, e.g.*, Def.'s Summ. J. Mem. at 33 n.10 ("Although the President's assertion of Executive Privilege is dispositive here, and thus questions concerning common-law and statutory privileges need not be considered, such privileges could well further protect the documents at issue here from disclosure, in light of the Committee's decision to attempt to enforce its subpoena in a judicial forum." (citation omitted)).  Thus, as the Department explained in support of its September 2, 2014 motion, the Department intends to identify certain limited information within the documents subject to the Executive Privilege assertion that should remain protected even if not deliberative and predecisional – largely, law enforcement sensitive and personal privacy information.  *See* Def.'s Mem. of P. & A. in Supp. of its Mot. for a Partial Stay of, and Partial Relief from, the Court's Order of Aug. 20, 2014, and in Opp'n to Pl.'s Mot. to Clarify (ECF No. 84) ("Def.'s Stay Mem.") at 10.  The Court has indicated that it will not presently rule on these additional intended redactions.  *See* Sept. 9 Order at 2 n.1 ("The Court also declines plaintiff's invitation to address what information defendant may or may not redact when additional material is produced pursuant to the subpoena.").

     Absent a stay of the production requirement from this Court's August 20, 2014 Order, the Department would have to, in short order, produce non-deliberative documents from its congressional response "work file" (subject to additional redactions, including for personal privacy and law enforcement sensitive material, as discussed above).  Because the Court's production Order is clearly injunctive in nature, the Department would be entitled to appeal it as a matter of right.  *See* 28 U.S.C. § 1292(a)(1).  Such an appeal would not challenge the

correctness of the Court's ruling that the Department's deliberative and predecisional work product may be protected, but would seek to vindicate the principle that the Department may protect *all* of its congressional response work product through Executive Privilege.

Accordingly, in order to avoid the possibility of piecemeal litigation and multiple appeals, the Department, on September 2, 2014, requested that the Court stay the effect of its August 20 production Order until the conclusion of district court proceedings.  *See* Def.'s Stay Mem. at 5-8.  Notably, the Department's request for a stay of the production requirement until the conclusion of litigation before the district court was not an argument that the Department could validly withhold non-deliberative documents in contravention of this Court's ruling (subject to additional redactions described above).  *Cf.* Sept. 9 Order at 6 (asking "what would be the legal basis for withholding" non-deliberative documents).  Rather, the Department's motion was a temporal request: that the Court exercise its discretion to stay the production requirement in the August 20 Order until the conclusion of the district court litigation, so that there is one final injunctive order that could be the subject of an orderly, complete appeal – as opposed to intermediate injunctive orders that could generate multiple, piecemeal appeals.  *Cf. Abney v. United States*, 431 U.S. 651, 656 (1977) ("[T]here has been a firm congressional policy against interlocutory or 'piecemeal' appeals and courts have consistently given effect to that policy."); *Dellinger v. Mitchell*, 442 F.2d 782, 790 (D.C. Cir. 1971) (similar); *Arias v. DynCorp*, 856 F. Supp. 2d 46, 53 (D.D.C. 2012) (similar).  For this reason, and the other reasons set forth in its memorandum in support of its September 2 Motion, the Department respectfully submits that a stay of the production requirement is warranted.  Such a stay would not undermine the Court's legal conclusion that the assertion of Executive Privilege does not protect non-deliberative

material; rather, it would defer the date for production of documents so as to promote efficient litigation and prevent the possibility of piecemeal appeals.

In any event, in its September 2 motion, the Department also argued, in the alternative, that "if the Court does not stay its production order pending resolution of this case in this Court, a stay of production is warranted until at least December 15, 2014, given the practical impossibility of reviewing before that time the full group of documents withheld under Executive Privilege." Def.'s Stay Mem. at 8. The Court has since granted the Department an extension until November 3, 2014, to produce its list of deliberative documents. *See* Sept. 9 Order at 3. Accordingly, and in light of the substantial work that will be required before the Department can release any material – including an exacting line-by-line review of the approximately 64,000 pages that have been withheld – the Court should, at the very least, stay its production Order (or extend the deadline) until November 3, 2014.

## CONCLUSION

For the foregoing reasons, and those contained in its memorandum in support of its September 2, 2014 motion, the Department respectfully requests that the Court stay the production requirement in its August 20 Order until the conclusion of proceedings before this Court.

Dated: September 15, 2014              Respectfully submitted,

                                              STUART F. DELERY
                                              Assistant Attorney General

                                              KATHLEEN R. HARTNETT
                                              Deputy Assistant Attorney General

                                              JOHN R. TYLER
                                              Assistant Branch Director

        */s/ Gregory Dworkowitz*
GREGORY DWORKOWITZ
(NY Bar Registration No. 4796041)
BRADLEY P. HUMPHREYS
(VA Bar Registration No. 83212)
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
Washington, D.C. 20001
Tel: (202) 305-8576
Fax: (202) 616-8470
gregory.p.dworkowitz@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I caused a true and correct copy of the foregoing Defendant's Response to the Court's Order of September 9, 2014 to be served on plaintiff's counsel electronically by means of the Court's ECF system.

        */s/ Gregory Dworkowitz*
GREGORY DWORKOWITZ