UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

COMMITTEE ON OVERSIGHT AND )
GOVERNMENT REFORM, UNITED )
STATES HOUSE OF )
REPRESENTATIVES, )
 )
            Plaintiff, )
 )
v. )   Civil Action No. 12-1332 (ABJ)
 )
ERIC H. HOLDER, JR., Attorney )
General of the United States, )
 )
            Defendant. )

---

**ORDER**

On September 2, 2014, defendant the Attorney General filed a Motion for a Partial Stay of, and Partial Relief from, the Court's Order of August 20, 2014 and Memorandum in Support ("Def.'s Mem.") [Dkt. # 84] seeking, among other things, a stay of the part of the order that required defendant to produce non-deliberative materials in response to plaintiff the Committee's subpoena for documents by October 1, 2014. *See* Order [Dkt. # 81] ("August 20 Order") at 5. On September 9, 2014, the Court issued an order addressing other requests in the motion but deferred ruling on the stay request pending further response from defendant on that issue. Order [Dkt. # 88] at 6 (ordering defendant to respond to questions posed by the Court). On September 15, 2014, defendant filed his response [Dkt. # 89], and on September 19, 2014, plaintiff filed its opposition to the motion to stay [Dkt. # 92].

On October 2, 2014, while the motion to stay was still pending, plaintiff filed a motion for an order to show cause why defendant should not be found in contempt for failing to comply

with the August 20 Order, given that the October 1 deadline for producing non-deliberative documents had passed. [Dkt. # 93]. On October 5, 2014, defendant filed his opposition to the motion. [Dkt. # 94].

Upon review of the parties' submissions, the Court denies defendant's motion to stay and orders him to produce to plaintiff non-privileged documents by November 3, 2014. The Court further denies as moot plaintiff's motion for an order to show cause.

## ANALYSIS

A party seeking a stay "must make out a clear case of hardship or inequity" in being required to go forward. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *SEC v. Deloitte Touche Tohmatsu CPA Ltd.*, 940 F. Supp. 2d 10, 12 (D.D.C. 2013). The decision to stay proceedings in a case is accorded to the Court's discretion. *Landis* at 254–55. A court may grant a stay of proceedings "in the interests of judicial economy and efficiency." *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 248 (D.D.C. 2006) (internal quotation marks omitted) (citing *Landis* at 254–55); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (quoting *Landis* at 254–55) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

This is a lawsuit to enforce a subpoena for documents in the possession of the Attorney General of the United States. From the start, the Attorney General has sought to withhold the records in question on one ground only: he asserted that they were covered by the deliberative process component of the Executive Privilege. *See* June 20, 2012 Letter of Deputy Attorney General James Cole [Dkt. # 17-3] at 1, 4 (stating that the President has asserted executive

privilege over the disputed documents and that the Committee seeks to compel the production of "internal Executive Branch documents generated in the course of the deliberative process concerning the Department's response to congressional oversight and related media inquiries"). *See also* Answer to First Am. Compl. [Dkt. #56] ¶¶ 12, 42, 45 (reiterating that the "Department notified the Committee on June 20, 2012 that the President had asserted Executive Privilege"); *id.* at Fourth Defense ("The Committee has no lawful right to the documents it seeks in this case, which are protected by a valid assertion of Executive Privilege."); Joint Status Report [Dkt. # 32] at 5 ("As Defendant has previously informed Plaintiff, and as shown by the Attorney General's June 19 letter to the President setting forth the rationale for the President's assertion of Executive Privilege, the President did not assert the Presidential Communications component of Executive Privilege over the documents at issue in this case.  After further review, defendant at this time does not anticipate relying on the Presidential Communications component of Executive Privilege in this case.").

On August 20, 2014, the Court ordered defendant to review the records at issue, determine which of them meet the legal test for applicability of the deliberative process privilege, and produce to plaintiff by October 1, 2014 those document that do *not* satisfy the test. August 20 Order at 5.  The Court's order that the Attorney General produce those documents that he has determined are *not* both deliberative and pre-decisional does not implicate any of the concerns that the only privilege invoked was designed to protect.  The fact that the Attorney General now seeks to assert some sort of general work file privilege along the lines of the attorney work product doctrine does not alter the analysis set forth in the order of August 20.  And the fact that some documents may need to be redacted in part due to privacy or other concerns does not supply grounds for avoiding compliance with the order in its entirety.

But defendant asks the Court to exercise its discretion and grant a stay "during the pendency of this case to avoid the possibility of piecemeal appeals to the D.C. Circuit." Def.'s Mem. at 2. Though the Court has the discretion to grant a stay in the interests of judicial economy and efficiency, pending appeal or otherwise, there is no pending appeal here and the Court has already ruled that defendant has no legal basis to withhold non-deliberative documents. The "possibility" of an appeal and piecemeal litigation does not satisfy defendant's burden to demonstrative a "clear case of hardship or inequity" without a stay. *See Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (denying motions for stay premised upon "unsubstantiated and speculative allegations"). Given this, and that the Attorney General has no valid legal basis to withhold non-deliberative documents under the deliberative process privilege, the Court denies defendant's motion to stay the production of these documents until the end of this litigation. The Court orders defendant to produce these documents to the Committee by November 3, 2014.

In light of this order, the Court also denies as moot plaintiff's motion for an order to show cause why defendant should not be held in contempt. The Committee was well aware of the pendency of the motion to stay, so its filing of the contempt motion was entirely unnecessary. Defendant filed his motion on September 2, 2014, and there were additional materials submitted by both sides thereafter, including responses to questions from the Court. The Court simply did not issue its ruling on the stay request until after the October 1 deadline for production had passed. Under those circumstances, the Court finds no basis to hold defendant in contempt, and given the new schedule, the motion is now moot.

SO ORDERED.

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  October 6, 2014