# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES,  )<br><br>*Plaintiff*,  )<br><br>v.  )<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,  )<br><br>*Defendant*.  ) | Case No. 1:12-cv-01332 (ABJ) |

# **EXHIBIT A**



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

20 Massachusetts Ave., N.W., Room 7336
Washington, DC 20001

| | |
|---|---|
| Gregory Dworkowitz | Telephone: (202) 305-8576 |
| Trial Attorney | Fax: (202) 616-8470 |
| | Email: gregory.p.dworkowitz@usdoj.gov |

November 10, 2014

*Via Electronic Transmission*

Kerry Kircher
General Counsel
Office of the General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, DC 20515

Re: *Committee on Oversight and Government Reform, U.S. House of Representatives v. Holder*, Civ. No. 12-1332 (D.D.C.).

Dear Kerry:

I write in response to your letter dated November 6, 2014. As requested, and to speed your review of the privileged materials, attached to the email transmitting this letter is a Microsoft Excel version of the detailed list that we provided you in searchable .pdf format on November 4, 2014.[1]

With respect to your question regarding our use of the term "Executive Privilege Set," that refers to the approximately 15,000 documents at issue in this lawsuit, over which Executive Privilege was asserted in June 2012, and which were logged on the detailed list we provided you. As our summary judgment filings with the Court made clear, *see* ECF 63 at 42-45; ECF 71 at 23-25, during the accommodation and negotiation process concerning the October 2011 subpoena, and particularly in the weeks leading up to the June 2012 contempt vote by the House of Representatives, the Committee narrowed its demands for documents, taking off the table certain categories of documents that otherwise would have been called for by the October 2011 subpoena.[2] Indeed, the contempt report submitted by the Committee to the House indicated that

---

[1] House Counsel agreed to receive the document production and detailed list by 9:00 a.m. on November 4, 2014, as opposed to a production in the evening on November 3, 2014.

[2] As the Department's summary judgment briefs explained, documents taken off the table by the Committee included "law enforcement documents – documents whose sensitivity the Committee already has acknowledged and expressly taken off the table, and that are related to the closed 'Operations' component of the Committee's investigation," as well as "nonpublic information regarding Department deliberations that were determined to be unrelated to the Department's response to Congress concerning Operation Fast and Furious." ECF 63 at 43-44.

- 2 -

the non-production of such documents would not be the subject of contempt. ECF 71 at 23-24; *see, e.g., id.* at 23 ("As the Committee's contempt report explains, in the weeks leading up to the House votes for contempt and to authorize this suit, the Committee and House Leadership, through a series of letters, 'narrow[ed] the scope of documents the Department needed to provide in order to avoid contempt proceedings.'" (quoting H.R. REP. No. 112-546, at 4, 38 (2012))). Because such documents were not within the scope of the contempt citation, "the President accordingly was not presented with a decision about whether to assert privilege over that broader universe of materials." ECF 71 at 25.

In its summary judgment filings, the Department explained its position that such materials are not properly at issue in this lawsuit. *See* ECF 63 at 42-45; ECF 71 at 23-25. This suit contests the validity of the assertion of Executive Privilege to protect the withheld materials sought by the Committee at the time of contempt – *i.e.*, materials responsive to certain categories of the October 2011 subpoena as narrowed prior to the contempt finding. Pursuant to this Court's orders, on November 4, 2014, the Department provided a detailed list logging the approximately 15,000 documents subject to the Executive Privilege assertion, and produced in whole or in part over 10,000 of those documents. The Court has ordered the Committee to provide notice of any "disputed privilege claims" concerning these documents by November 26. ECF 81; ECF 88. Litigation (if any) concerning these withholdings is the next step in this case. In contrast, there is no basis for further litigation or briefing regarding the issue raised in your November 6 letter; these issues already have been addressed by the parties' summary judgment briefs, and, as the Department has established, this case is about the documents over which Executive Privilege was asserted – a complete list of which the Committee now has for review.

Sincerely,

Gregory Dworkowitz