**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES, ) ) ) ) | |
| *Plaintiff*, ) ) | |
| v.  ) ) | Case No. 1:12-cv-01332 (ABJ) |
| ERIC H. HOLDER, JR., ) in his official capacity as Attorney General of the ) United States, ) ) | |
| *Defendant*. ) ) | |

# EXHIBIT B

KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

TODD B. TATELMAN
ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

October 7, 2014

**BY ELECTRONIC MAIL ONLY (kathleen.r.hartnett@usdoj.gov; john.tyler@usdoj.gov; gregory.p.dworkowitz@usdoj.gov)**

Kathleen R. Hartnett, Deputy Assistant Attorney General
John R. Tyler, Assistant Branch Director
Gregory Dworkowitz, Trial Attorney
U.S. Department of Justice, Civil Division, Federal Programs Branch
Washington, D.C. 20001

**Re:**   *Committee on Oversight and Government Reform, U.S. House of Representatives v. Eric H. Holder, Jr., Attorney General*, **No. 1:12-cv-01332- ABJ (D.D.C.)**

Dear Ms. Hartnett, Mr. Tyler, and Mr. Dworkowitz:

  As you know, the District Court yesterday "denie[d] [the Attorney General's] motion to stay the production of . . . documents [that the Attorney General does not contend are both predecisional and deliberative] until the end of the litigation. The Court orders [the Attorney General] to produce these documents to the Committee by November 3, 2014." Order at 4 (Oct. 6, 2014) (ECF No. 95).

  As a result of yesterday's ruling, I write now to bring to your attention four issues that directly concern what the Attorney General will or will not produce to the Committee on November 3, issues that arise by virtue of statements the Attorney General has made subsequent to the Court's original production order. *See* Order (Aug. 20, 2014) (ECF No. 81) ("August 20 Order"). The Committee seeks clarification regarding these four issues in the hope that the Committee will not be required to seek relief from the Court, but that, if it must, the issues at least will be sharpened for the Court's consideration.

  1. As you know, it is the Committee's position that it alone, as the plaintiff seeking to enforce an Article I subpoena, is entitled to specify the universe of documents it seeks to obtain in this lawsuit. That universe consists of a limited subset of documents responsive to the Holder Subpoena and identified in the complaint as the "Post-February 4 Subset." Compl. ¶ 62 (Aug. 13, 2012) (ECF No. 1) (defining "Post-February 4 Subset" as "those documents dated or that were created after February 4, 2011, that are responsive to Categories 1, 4, 5, and 10 [out of a total of 22 categories] of the Holder Subpoena"); First Am. Compl. ¶ 67 (Jan. 15, 2013) (ECF No. 35) (same).

  The Attorney General indicated earlier that no privilege ever was asserted at all as to some Post-February 4 Subset documents. *See* Mem. in Supp. of Def.'s Mot. for Summ. J. & in

Kathleen R. Hartnett, Deputy Assistant Attorney General; John R. Tyler, Assistant Branch Director; Gregory Dworkowitz, Trial Attorney
October 7, 2014
Page 2 of 5

Opp'n to Pl.'s Mot. for Summ. J. at 43 (Jan. 21, 2014) (ECF No. 63) ("AG Summary Judgment Memorandum") ("[T]he President was not asked to, and did not, assert Executive Privilege over [this group of documents]."). We flagged this fact for the Court in our most recent filing. *See* Comm.'s Mot. for Entry of Order Directing the Att'y Gen. to Show Cause Why He Should Not Be Found in Contempt for Failure to Comply with This Ct.'s Order of Aug. 20, 2014 at 4 (Oct. 2, 2014) (ECF No. 93) ("Show Cause Motion").

In response, the Attorney General stated that "the Committee is simply incorrect that there are documents in the *Executive Privilege set sought by the Committee* over which 'no privilege ever was asserted at all.'" Def.'s Mem. . . . in Opp'n to Pl.'s Mot. for Entry of Order Directing the Att'y Gen. to Show Cause at 8 n.4 (Oct. 5, 2014) (ECF No. 94) ("AG's Response to Show Cause Motion") (quoting Show Cause Mot. at 4) (emphasis added).[1] But the Committee never has used the phrase "Executive Privilege set" to define the universe of documents it seeks to obtain in this litigation and, insofar as we are aware, that phrase never has been defined in this litigation. From day one, as noted above, the Committee has sought to obtain a set of documents defined in the complaint as the "Post-February 4 Subset." Our concern, obviously, is that the documents the Attorney General appears to define as at issue in this lawsuit (the "Executive Privilege" set) is different from, and smaller than, the "Post-February 4 Subset" that actually is at issue in this lawsuit. This has substantial ramifications for the Attorney General's November 3 production obligation.

Accordingly, to enable the Committee promptly to determine whether it must seek relief on this issue, please provide us with the following information:

     a. Is the "Executive Privilege set," as used in footnote 4 on page 8 of the AG's Response to Show Cause Motion, identical to the "Post-February 4 Subset," as defined in the Committee's complaint?

     b. If the answer to question 1.a is no, how many documents in the "Post-February 4 Subset" are not included in the "Executive Privilege set"? In other words, how much smaller, in terms of numbers of documents, is the "Executive Privilege set" as compared with the "Post-February 4 Subset"?

     c. If the answer to question 1.a is no, does the Attorney General intend to withhold from production to the Committee documents that are included in the "Post-February 4 Subset" but are not included in the "Executive Privilege set"?

     d. If the answer to question 1.c is yes, does the Attorney General intend to identify on the privilege list mandated by the August 20 Order such withheld documents?

---

[1] *See also* Def.'s Mot. for Partial Stay of, & Partial Relief from, Ct.'s Order of Aug. 20, 2014 at 1 (Sept. 2, 2014) (ECF No. 84) ("AG Omnibus Motion") (seeking stay only as to "documents over which Executive Privilege ha[s] been claimed").

Kathleen R. Hartnett, Deputy Assistant Attorney General; John R. Tyler, Assistant Branch Director; Gregory Dworkowitz, Trial Attorney
October 7, 2014
Page 3 of 5

2. The Attorney General has suggested that he believes he is entitled to withhold from production to the Committee – or to redact from records that will be produced to the Committee – "materials not at issue in this litigation" and/or "material unrelated to Fast and Furious." Def.'s Mem. . . . in Supp. of [AG Omnibus Mot.] at 8, 10 (Sept. 2, 2014) (ECF No. 85) ("AG Omnibus Memorandum").[2]

Accordingly, to enable the Committee promptly to determine whether it must seek relief on this issue, please provide us with the following information:

a. Does the Attorney General contend that he has the right to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials he determines are "not at issue in this litigation" and/or materials he determines are "unrelated to Fast and Furious," even if such materials fall within the complaint's definition of "Post-February 4 Subset"?

b. If the answer to question 2.a is yes, what is the legal basis for the Attorney General's contention?

c. Does the Attorney General intend to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials he contends are "not at issue in this litigation" and/or materials he contends are "unrelated to Fast and Furious"?

d. If the answer to question 2.c is yes, what standards or criteria will the Attorney General use to determine what is or is not "at issue in this litigation," and what is or is not "unrelated to Fast and Furious"?

e. If the answer to question 2.c is yes does the Attorney General intend to identify on the privilege list mandated by the August 20 Order such withheld materials and/or such redacted materials?

3. The Attorney General has suggested that he believes he is entitled to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials he deems to be "law enforcement sensitive." See AG Omnibus Mem. at 8-12.

---

[2] Earlier, the Attorney General appeared to take a similar position when he contended that the scope of what the Committee is entitled to obtain in this lawsuit is somehow limited by positions the Committee supposedly took in failed negotiations that took place prior to the contempt vote in June 2012, see AG Summ. J. Mem. at 42-45, a position the Court rejected, see Aug. 20 Order at 5 (denying Attorney General's cross-motion for summary judgment).

Kathleen R. Hartnett, Deputy Assistant Attorney General; John R. Tyler, Assistant Branch Director; Gregory Dworkowitz, Trial Attorney
October 7, 2014
Page 4 of 5

    Accordingly, to enable the Committee promptly to determine whether it must seek relief on this issue, please provide us with the following information:

    a. Does the Attorney General contend that he has the right to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials he deems to be "law enforcement sensitive," even if such materials fall within the complaint's definition of "Post-February 4 Subset"?

    b. If the answer to question 3.a is yes, what is the legal basis for the Attorney General's contention?

    c. Does the Attorney General intend to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials he contends are "law enforcement sensitive"?

    d. If the answer to question 3.c is yes, what standards or criteria will the Attorney General use to determine what is or is not "law enforcement sensitive"?

    e. If the answer to question 3.c is yes, does the Attorney General intend to identify on the privilege list mandated by the August 20 Order such withheld materials and/or such redacted materials?

    4. The Attorney General has suggested that he believes he is entitled to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials in which, in the Attorney General's judgment, some individuals have "personal privacy interests." *See* AG Omnibus Mem. at 8, 10- 11.

    Accordingly, to enable the Committee promptly to determine whether it must seek relief on this issue, please provide us with the following information:

    a. Does the Attorney General contend that he has the right to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials in which, in the Attorney General's judgment, some individuals have "personal privacy interests," even if such materials fall within the complaint's definition of "Post-February 4 Subset"?

    b. If the answer to question 4.a is yes, what is the legal basis for the Attorney General's contention?

    c. Does the Attorney General intend to withhold from production to the Committee – or to redact from records that will be produced to the Committee – materials in which, in the Attorney General's judgment, some individuals have "personal privacy interests"?

Kathleen R. Hartnett, Deputy Assistant Attorney General; John R. Tyler, Assistant Branch Director; Gregory Dworkowitz, Trial Attorney
October 7, 2014
Page 5 of 5

       d. If the answer to question 4.c is yes, what standards or criteria will the Attorney General use to identify such individuals?

       e. If the answer to question 4.c is yes, what information will the Attorney General deem to constitute "personal privacy" information?

       f. If the answer to question 4.c is yes, does the Attorney General intend to identify on the privilege list mandated by the August 20 Order such withheld materials and/or such redacted materials?

I would appreciate your providing us with the information requested in this letter no later than the close of business on Friday, October 10, 2014, so that the Committee promptly can move for relief, should that be necessary.

Thank you for your attention; I look forward to hearing from you.

                          Sincerely,

                          Kerry W. Kircher