**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES,  )<br><br>*Plaintiff*,  )<br><br>v.  )<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,  )<br><br>*Defendant*.  ) | Case No. 1:12-cv-01332 (ABJ) |

# EXHIBIT D

KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

TODD B. TATELMAN
ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

KIMBERLY A. HAMM
ASSISTANT COUNSEL

JAMIE H. WHITELOCK
SENIOR STAFF ATTORNEY

KYLE T. JONES
STAFF ATTORNEY

SARAH E. CLOUSE
STAFF ATTORNEY

**U.S. HOUSE OF REPRESENTATIVES**
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

November 6, 2014

**BY ELECTRONIC MAIL ONLY (kathleen.r.hartnett@usdoj.gov; john.tyler@usdoj.gov; gregory.p.dworkowitz@usdoj.gov)**

Kathleen R. Hartnett, Deputy Assistant Attorney General
John R. Tyler, Assistant Branch Director
Gregory Dworkowitz, Trial Attorney
U.S. Department of Justice, Civil Division, Federal Programs Branch
Washington, D.C. 20001

Re: *Committee on Oversight and Government Reform, U.S. House of Representatives v. Eric H. Holder, Jr., Attorney General*, No. 1:12-cv-01332-ABJ (D.D.C.)

Dear Ms. Hartnett, Mr. Tyler, and Mr. Dworkowitz:

Thank you for John's November 4, 2014 letter, which transmitted the Attorney General's document production and detailed list. We are now reviewing both in preparation for filing the "notice" of "disputed privilege claims" contemplated by the Court's August 20, 2014 and September 9, 2014 Orders. It would facilitate our review and analysis of the list if, as I mentioned to John in an email yesterday, you would provide us with a copy of the detailed list in Microsoft Excel format.

I also want to bring to your attention an issue that has been lurking for some time. As you know, the Committee seeks in this lawsuit a limited subset of documents responsive to the Holder Subpoena and identified in the Complaint as the "Post-February 4 Subset." Compl. ¶ 62 (Aug. 13, 2012) (ECF No. 1) (defining "Post-February 4 Subset" as "those documents dated or that were created after February 4, 2011, that are responsive to Categories 1, 4, 5, and 10 [out of a total of 22 categories] of the Holder Subpoena"); First Am. Compl. ¶ 67 (Jan. 15, 2013) (ECF No. 35) (same).

The Attorney General indicated earlier in this case that no privilege ever was asserted at all as to some Post-February 4 Subset documents. *See* Mem. in Supp. of Def.'s Mot. for Summ. J. & in Opp'n to Pl.'s Mot. for Summ. J. at 43 (Jan. 21, 2014) (ECF No. 63) ("[T]he President was not asked to, and did not, assert Executive Privilege over [this group of documents]."). We flagged this fact for the Court on October 2 and 14, 2014, *see* Comm.'s Mot. for Entry of Order Directing the Att'y Gen. to Show Cause . . . at 4 (Oct. 2, 2014) (ECF No. 93); Comm.'s Mot. for Order (i) Confirming or Clarifying . . . at 2-3 (Oct. 14, 2014) (ECF No. 96).

Kathleen R. Hartnett, Deputy Assistant Attorney General; John R. Tyler, Assistant Branch Director; Gregory Dworkowitz, Trial Attorney
November 6, 2014
Page 2 of 2

     In response to our October 2 motion, the Attorney General stated that "the Committee is simply incorrect that there are documents in the *Executive Privilege set* sought by the Committee over which 'no privilege ever was asserted at all.'" Def.'s Mem. . . . in Opp'n to Pl.'s Mot. for Entry of Order Directing Att'y Gen. to Show Cause at 8 n.4 (Oct. 5, 2014) (ECF No. 94) (emphasis added).[1]

     As you know, the Committee never has used the phrase "Executive Privilege set" to define the universe of documents it seeks to obtain in this litigation and, insofar as we are aware, that phrase never has been defined in this litigation. Our concern, obviously, is that the documents the Attorney General appears to define as at issue (the "Executive Privilege" set) is different from, and potentially smaller than, the "Post-February 4 Subset" actually at issue in the lawsuit. While the Court, on October 15, 2014, characterized this issue as "hypothetical . . . [before the Attorney General's] compliance has taken place," Minute Order (Oct. 15, 2014), and declined then to address it, the issue is hypothetical no longer.

     Accordingly, to enable the Committee to determine whether it must seek relief on this issue, please advise us whether the "Executive Privilege set," as used in footnote 4 on page 8 of the Attorney General's October 5, 2014 pleading, is identical to the "Post-February 4 Subset," as defined in the Committee's complaint. If the answer is no, please also advise us (1) how many documents in the "Post-February 4 Subset" are not included in the "Executive Privilege set" (that is, how much smaller, in terms of numbers of documents, is the "Executive Privilege set" as compared with the "Post-February 4 Subset"), and (2) whether the Attorney General has withheld from production to the Committee – or withheld from inclusion on the detailed list – documents that are included in the "Post-February 4 Subset" but are not included in the "Executive Privilege set."

     Thank you for your attention. I would appreciate receiving a response by close of business on Monday, November 10, 2014, so that the Committee promptly can determine whether it needs to seek relief.

Sincerely,

Kerry W. Kircher

---

[1] *See also* Def.'s Mot. for Partial Stay of, & Partial Relief from, Ct.'s Order of Aug. 20, 2014 at 1 (Sept. 2, 2014) (ECF No. 84) (seeking stay only as to "documents over which Executive Privilege ha[s] been claimed").