*Comm. on Oversight & Gov't Reform, U.S. House of Reps. v. Holder*, No. 12-1332 (ABJ)

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Ex. C

KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

TODD B. TATELMAN
ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

KIMBERLY HAMM
ASSISTANT COUNSEL

JAMIE H. WHITELOCK
SENIOR STAFF ATTORNEY

KYLE T. JONES
STAFF ATTORNEY

SARAH E. CLOUSE
STAFF ATTORNEY

December 31, 2014

**VIA ELECTRONIC MAIL (Bradley.P.Humphreys@usdoj.gov)**

Brad Humphreys, Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7336
Washington, D.C. 20001

    Re:    ***Committee on Oversight and Government Reform, U.S. House of Representatives v. Holder***, No. 12-cv-1332-ABJ (D.D.C.)

Dear Brad:

Thank you for your letter of December 24, 2014.

    1. With respect to the material the Attorney General is withholding as "Unrelated," we suggested a constructive way forward on December 3, 2014. Specifically, we suggested that the Committee review *in camera*, at the Department of Justice, the materials the Attorney General has withheld as "Unrelated" in order to verify that those withholdings are in fact wholly non-responsive to the Holder Subpoena. *See* Letter from Kerry W. Kircher, Gen. Counsel, to Kathleen R. Hartnett, Dep'y Ass't Att'y Gen., et al. (Dec. 3, 2014). At our in-person meeting on December 8, 2014, your team suggested that the Committee accept at face value the Department's representation that all materials withheld as "Unrelated" are not responsive to the Holder Subpoena. The following day, I advised that your "take-our-word-for-it" proposal was not acceptable to the Committee. *See* Email from Kerry W. Kircher, Gen. Counsel, to Kathleen R. Hartnett, Dep'y Ass't Att'y Gen., et al. (Dec. 9, 2014).

    Your December 24 letter indicates that you have "reprocess[ed]" some materials previously withheld as "Unrelated" and that you "will . . . provide[] [those materials] to the Committee" at some unspecified time. We look forward to receiving those materials as promptly as possible. Aside from that, however, you put forward again the same "take-our-word-for-it" proposal the Committee previously rejected. *See* Letter from Brad Humphreys, Trial Att'y, to Kerry Kircher, Gen. Counsel, at 1 (Dec. 24, 2014) ("Humphreys Letter") ("The Committee should agree to remove these withholdings from dispute based on the Department's representation that the material being withheld is, in fact, unrelated.").

Brad Humphreys, Trial Attorney
December 31, 2014
Page 2

In light of the history of this case – beginning, but certainly not ending, with the inaccurate information provided to Congress by the Department on February 4, 2011 – the Committee justifiably is not willing to simply accept the Department's representation with respect to the nature of documentary materials being withheld. The Committee is willing to work with you to try to remove the "Unrelated" category as an issue in this case, but that cannot happen unless the Committee is able to verify the nature of the withheld materials, as we proposed earlier. While you say "an *in camera* review of unredacted versions of the unrelated material [by the Committee] would not be appropriate," *id.* at 1, you do not say why – and we see no reason why – that is so.

2. With respect to the other materials the Attorney General is withholding on other non-deliberative process privilege grounds (law enforcement sensitive, privacy, attorney client/attorney work product, other, no explanation), the Committee's position, as we advised you earlier, is that there is no legal basis for his withholding of any of those materials on any of those grounds.

Notwithstanding, it is possible that we might be able to resolve your attorney-client/attorney-work product claims short of litigation. This is a small universe of materials: 16 documents by our count. The Committee has carefully reviewed those documents and the corresponding entries in your privilege list, and we have the following observations:

- Document DOJ-FF-31765 - DOJ-FF-31769 has not been produced.

- You suggested at our December 8 in-person meeting that all, or nearly all, of the attorney-client/attorney-work product claims concern professional responsibility advice sought by the U.S. Attorney's Office in Arizona. In fact, only two documents (DOJ-FF-23311 - DOJ-FF-23315, and DOJ-FF-23321 - DOJ-FF-23325) appear to fall, even arguably, into this category.

- Some of the remaining entries do not provide sufficient information for the Committee to make any kind of informed judgment. For example, several of the withholding descriptions merely state "Attorney work product" or "AWP-AC," without more. *See, e.g.*, DOJ-FF-31765-31769; DOJ-FF-37768; DOJ-FF-51147-51151; DOJ-FF-52080-52081; DOJ-FF-52082-52083; DOJ-FF-52084-52085; DOJ-FF-52086-52087.

- Other of the remaining entries, which do contain general subject matter descriptions, do not support the claim that the withheld materials are attorney-client privileged or attorney work product. *See e.g.*, DOJ-FF-52080-52081; DOJ-FF-52082-52083; DOJ-FF-52084-52085; DOJ-FF-52086-52087 ("emails discussing response letter to Congress"); DOJ-FF-3165-31769 ("draft list of suggested search terms"); DOJ-FF-20432-20434 ("email chain regarding QFRs").

Brad Humphreys, Trial Attorney
December 31, 2014
Page 3

      Accordingly, to enable the Committee to determine whether the Attorney General's attorney-client/attorney-work product claims can be eliminated as a litigation issue, please provide the following information by close of business on Tuesday, January 6, 2015:

- the missing document;

- for each claim of attorney client privilege, (i) the name and title of the attorney(s) who provided the legal advice or received an assertedly privileged communication; (ii) the name and title of the individual who received the legal advice or provided an assertedly privileged communication; (iii) the general nature of the matter as to which the advice was given or the communication was made; and (iv) the names of all other individuals, if any, with whom each document as to which a claim of attorney client privilege has been made, has been shared; and

- for each claim of attorney work product, (i) the name and title of the attorney(s) who generated the material asserted to be work product; (ii) the identity of the litigation or trial that the material asserted to be work product was prepared in anticipation of; (iii) whether the material asserted to be work product constitutes fact work product or opinion work product; and (iv) the names of all other individuals, if any, with whom each document as to which a claim of attorney work product has been made, has been shared.

      Once the Committee has this information, it will be able to actually determine whether the Attorney General's attorney-client/attorney-work product claims can be eliminated as a litigation issue.

      Thank you for your attention; I look forward to hearing from you.

Sincerely,

Kerry W. Kircher