*Comm. on Oversight & Gov't Reform, U.S. House of Reps. v. Holder*, No. 12-1332 (ABJ)

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Ex. D



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

20 Massachusetts Ave., N.W., Room 7219
Washington, DC 20001

| | |
|---|---|
| Brad Humphreys | Telephone: (202) 514-3367 |
| Trial Attorney | Fax: (202) 616-8470 |
| | Email: bradley.p.humphreys@usdoj.gov |

February 19, 2015

*Via Electronic Transmission*

Kerry Kircher
General Counsel
Office of the General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, DC 20515


Re:  *Committee on Oversight and Government Reform, U.S. House of Representatives v. Holder*, Civ. No. 12-1332 (D.D.C.).

Dear Kerry:

I write regarding issues raised by the parties that have not yet been resolved.

In its letter of December 24, 2014, the Department stated that it was reprocessing a small number of documents containing "Unrelated" redactions, and that it would provide those reprocessed materials to the Committee. The Department has now completed its re-review of these materials. It has determined that three sentences from the production were mismarked as Unrelated. One of the sentences can be found on two different documents; the Unrelated redaction has been removed, and the material so withheld is now being released to you. Another of the sentences appeared on only one document; that redaction has likewise been removed and is now being released as well. The third sentence should have been redacted as deliberative in the first instance. The Department has reprocessed this document and has enclosed the reprocessed version, bearing the properly marked redaction, with this letter. Accordingly, enclosed herewith are four reprocessed documents. As noted in its December 24 letter, the Department has confirmed that the balance of the information withheld as Unrelated is, in fact, unrelated to the Committee's inquiry and not responsive to its subpoena.

The Committee stated in its November 25, 2014 Notice of Disputed Claims and Other Issues that the Department withheld material from 380 documents without an attendant withholding description on its detailed list. These documents have at this point been the subject of repeated discussion between the parties, and the Department believes that the Committee already has before it information sufficient to determine which withholdings from these documents it would dispute. In many instances, the nature of the withheld information is apparent from the face of the documents themselves. For instance, some of these redactions are marked with the phrase "Admin. Assistant," to indicate that what has been withheld is the name

of an administrative assistant. The Committee does not require supplemental information to understand, under these circumstances and others, what has been redacted.

The Department asked the Committee to review these 380 documents to determine which of them it desired more information about in order to make a more informed decision regarding which withholdings it would challenge. Such an effort on the part of the Committee could have served to remove withholdings from dispute, and would have allowed the Department to focus its resources on documents about which the Committee had genuine questions. The Committee has, regrettably, refused to take this step. The Department has nevertheless decided to reprocess all the log entries for these documents notwithstanding its belief that the Committee already has before it sufficient information to determine whether to challenge these withholdings.

The Committee has also raised the issue that fifty-five documents listed on the detailed list were marked as containing deliberative withholdings but lacked an attendant withholding description. Although the Committee flagged this issue briefly in passing in its Notice of Disputed Claims and Other Issues, the parties did not discuss it at or since their December 8, 2014 meet and confer, and the Department was reminded of the Committee's objections with respect to these documents only when the Committee filed its Motion to Compel, which argues for those documents' immediate release. Since then, the Department has re-reviewed those fifty-five documents to address the Committee's concerns. For fourteen of these fifty-five documents, no deliberative material was actually withheld, which was apparent from the face of the documents themselves. For one of these documents, though the detailed list provided to the Committee on November 4 did not describe what was withheld, that omission was corrected in the detailed list that the Department provided on December 4. The balance of the documents lacked the withholding description on account of coding or reviewer error; the appropriate descriptions have since been added.

Moreover, in the Department's view, the Committee already has before it enough information to determine which, if any, of the small number of attorney-client and attorney work product withholdings it would challenge in this case. Nevertheless, the Department has re-reviewed the small universe material that the Department withheld as attorney-client and/or attorney work product and, in some instances, has provided additional information to explain the bases of the Department's withholding. In addition, the Department has determined, in its discretion, that it will no longer maintain attorney-client and/or attorney work product withholdings with respect to five documents. During the course of this review, the Department also discovered that deliberative material in two documents was inadvertently marked as "AC/AWP." The Department has reprocessed those documents and is enclosing them with this letter.

Finally, for technical reasons, some entries on the detailed list that was provided to the Committee on December 4, 2014 did not reflect a number of coding revisions that had been made in our document database before that date. We have addressed this problem, and the updated detailed list—which is being provided with this letter, along with the beginning bates numbers of all documents that have received updated descriptions—therefore reflects additional updates in addition to the changes described in the paragraphs above.

Please let us know if we can be of further assistance.

Sincerely,

Brad Humphreys

Enclosures