UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES, ) ) ) ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | Civil Action No. 12-1332 (ABJ) | |
| LORETTA E. LYNCH, Attorney General of the United States, ) ) ) ) | | |
| Defendant. ) ) | | |

## FINAL JUDGMENT

On August 13, 2012, plaintiff Committee on Oversight and Government Reform of the United States House of Representatives ("Committee") filed this action against Eric H. Holder, in his official capacity as Attorney General of the United States, seeking to enforce certain aspects of a subpoena issued to the Attorney General and requesting declaratory and injunctive relief. [Dkt. # 1]. The complaint was amended when a subsequent Congress reissued the subpoena. [Dkt. # 35].

Defendant moved to dismiss the complaint on jurisdictional and prudential grounds [Dkt. # 13], and the Court denied the motion on September 30, 2013. [Dkt. # 51].

In 2015, pursuant to Fed. R. Civ. Proc. 25(d), Loretta E. Lynch, the current Attorney General of the United States, was automatically substituted as a party.

Over the course of this proceeding, the Court has entered multiple orders addressing the merits of the dispute. On August 20, 2014, the Court denied pending cross-motions for summary

judgment and ordered defendant to conduct a "document-by document analysis" and determine which responsive records being withheld satisfied both prongs of the deliberative process privilege in his view. [Dkt. # 81]. Defendant was directed to "prepare a detailed list that identifies and describes the material" in a manner sufficient to enable resolution of the privilege claims, and to produce any documents (including segregable sections of documents) that were not both predecisional and deliberative.

On January 19, 2016, the Court issued a Memorandum Opinion and Order [Dkt. # 117] granting plaintiff's Motion to Compel [Dkt. # 103] in part, and directing the Attorney General to produce certain responsive records on the detailed list by February 2, 2016.

On January 28, 2016, defendant sought an extension of the production deadline until March 21, 2016, seeking sixty days from to entry of the Court's order to consider whether to file an appeal and "to allow sufficient time to fully process, review, and produce" the records. [Dkt. # 118].

Plaintiff opposed the request for additional time, and it urged the Court to enter final judgment in the matter. *See* Pl.'s Resp. to Def.'s Mot. to Extend Deadline for Produc. of Docs. [Dkt. # 119].

In a minute order dated February 1, 2016, the Court suspended the February 2, 2016 date for production pending further order of the Court, and it solicited defendant's view on the question of whether the Court should enter judgment in the case.

The parties are agreed that in light of the Court's rulings in the Memorandum Opinion and Order dated January 19, 2016, the Court should enter final judgment at this time. *See* Def.'s Notice Regarding Entry of Final J. [Dkt. # 120]. While the Court does not believe that defendant requires additional time to review and process the records in light of the August 2014 order to do just that,

the Federal Rules of Appellate Procedure accord the Attorney General sixty days to file a notice of appeal after an entry of judgment.  Fed. R. App. Proc. 4(a)(1)(B).

It is therefore **ORDERED** that, on or before April 8, 2016:

> Defendant shall, as specified in the Memorandum Opinion and Order dated January 19, 2016, produce to the Committee those documents responsive to the October 11, 2011 subpoena that concern the Department of Justice's response to congressional and media inquiries into Operation Fast and Furious which were withheld on deliberative process privilege grounds;
>
> Defendant shall produce document numbers 9087, 883, 6592, 6594, 7038, 7987, 8002, 9685, and 14768; and
>
> Defendant shall produce to plaintiff all segregable portions of any responsive records withheld in full or in part on the grounds that they contain attorney-client privileged material, attorney work product, private information, law enforcement sensitive material, or foreign policy sensitive material.

This is a **FINAL, APPEALABLE ORDER**.

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  February 8, 2016