IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>    Plaintiff,<br><br>    v.<br><br>LORETTA E. LYNCH, in her official capacity as Attorney General of the United States,<br><br>    Defendant. | Case No. 1:12-cv-1332 (ABJ) |

**DEFENDANT'S MOTION FOR CLARIFICATION**

Defendant, Loretta E. Lynch, in her official capacity as Attorney General of the United States, hereby moves the Court for an order clarifying statements made by this Court in the above-captioned case (the "*House Committee* litigation") at the January 10, 2013 Status Conference that pertain to an issue that has arisen in a Freedom of Information Act ("FOIA") case currently pending before the Honorable Judge Richard Leon on remand from the United States Circuit Court of Appeals for the District of Columbia.[*]  An explanation and the grounds for this motion are as follows:

---

[*] While the Final Judgment entered in the *House Committee* litigation has been appealed to the D.C. Circuit, this Court retains jurisdiction to consider the instant motion. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Hicks v. Bush*, 452 F. Supp. 2d 88, 98-99 (D.D.C. 2006) ("[A]lthough the filing of an appeal is an event of jurisdictional significance, district courts retain jurisdiction in appealed cases to deal with

1.      On March 20, 2013, Judicial Watch submitted a FOIA request to the Civil Division of the Department of Justice seeking documents related to the settlement discussions between the Department and the House Committee on Oversight and Government Reform ("House Committee").  *See Judicial Watch v. DOJ*, 65 F. Supp. 3d 50, 53 (D.D.C. 2014). Judicial Watch limited its request for documents that were created between October 1, 2012 and March 20, 2013, just prior to the date on which this Court ordered the parties into mediation with the Honorable Judge Barbara Rothstein.  *See id*; *see also* 3/26/13 Minute Entry.  The responsive records located by the Department predate the Court's March 18, 2013 Minute Order referring the case to mediation.  *See Judicial Watch*, 65 F. Supp. 3d at 53; 3/18/13 Minute Order.  Upon locating the responsive records, the Department informed Judicial Watch that it was withholding the settlement communications between the Department and the House Committee pursuant to court-imposed non-disclosure requirements.  *Id*. at 53-54.

2.      Judicial Watch filed suit in this district court, challenging the Department's withholding.  The Department moved for summary judgment, arguing that it lacked the discretion to release the records pursuant to Local Rule 84.9(a)(1), which "prohibits the mediator, counsel and parties and any other persons attending the mediation from disclosing any written or oral communications made in connection with or during any mediation session."  On August 22, 2014, Judge Leon granted summary judgment to the Department, finding that its withholding under FOIA of settlement communications between the parties in the *House Committee* litigation was valid on two separate grounds.  First, Judge Leon agreed with the Department that it was precluded from releasing settlement communications pursuant to Local Rule 84.9(a)(1).  *Id*. at 55-56.  Noting that "this District Court" affords "broad protections . . . for

ancillary matters that do not impinge upon the subject matter of the appeal." (Internal citation and quotation marks omitted)).

confidential settlement discussions between parties," Judge Leon concluded that Local Rule 84.9(a)(1)'s application to "communications made in connection with . . . any mediation session" extended to cover the settlement communications sought by Judicial Watch.  *Id*. at 55-56.

3. Second, Judge Leon held that there existed an additional court-imposed restriction on disclosure, independent of Local Rule 84.9(a)(1).  In reaching this conclusion, Judge Leon relied on a statement made by this Court at the January 10, 2013 Status Conference in which the Court commented on the state of the parties' settlement discussions that were occurring at that time.  *Id*. at 56.  Acknowledging that the parties had recently communicated about settlement via an exchange of letters, this Court stated that "I don't know what you said.  I don't want to know."  Tr. of 1/10/13 Status Conference, ECF No. 39, 8:16 (attached as Exhibit A).  Judge Leon found that this remark constituted "an *explicit* statement from Judge Jackson instructing the parties to keep the substance of their settlement discussions private."  65 F. Supp. 3d at 56.  Judge Leon also observed that the parties' Joint Status Reports from this same time, in which they reported on the progress of their settlement discussions but omitted the substance of such discussions, constituted further evidence that the Department was precluded from releasing the settlement communications.  *Id.* (citing 1/7/2013 Joint Status Report, ECF No. 32, at 4-5; 3/15/2013 Joint Status Report, ECF No. 40, at 3 (attached as Exhibits B and C)).  Given these facts, Judge Leon concluded that "there can be no doubt that there was a valid court-imposed restriction prohibiting disclosure of confidential settlement communications between the parties."  *Id*. at 56.

4. Judicial Watch appealed Judge Leon's order, and the D.C. Circuit vacated Judge Leon's order granting summary judgment to the Department.  *Judicial Watch v. DOJ*, 813 F.3d 380 (D.C. Cir. 2016).  Specifically, the D.C. Circuit held that "the intended effect" of this Court's statement at the January 10, 2013 Status Conference "is ambiguous" and "not evident from the

record." *Id*. at 383-84. The D.C. Circuit did not address the question of whether Local Rule 84.9(a)(1) protects the settlement communications sought by Judicial Watch. *Id*. at 384-85. Instead, the D.C. Circuit remanded the case to the district court, with instructions that the Department "seek clarification" from this Court "about the intended effect of [its] purported sealing order." *Id*. at 381.

5. In compliance with the D.C. Circuit's instructions, the Department respectfully requests a clarifying order from this Court to determine whether statements made by the Court at the January 10, 2013 Status Conference in this case were intended to prevent disclosure of the parties' settlement discussions.

6. Pursuant to Local Rule 7(m), the Department conferred with Plaintiff, which takes no position as to this motion. The Department also conferred with Judicial Watch, which is not a party to this action, and it has no objection to the Department's filing of this motion.

Dated: June 29, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

*/s/ John R. Tyler*
JOHN R. TYLER (D.C. Bar No. 297713)
Assistant Branch Director
NATHAN SWINTON (NY Bar)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel. (202) 514-2365
Fax (202) 616-8470
Email: John.Tyler@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2016, I caused a true and correct copy of the foregoing to be served on plaintiff's counsel electronically by means of the Court's ECF system.

                                             */s/ John R. Tyler*
                                             JOHN R. TYLER