# EXHIBIT B

# 1/7/13 Joint Status Report

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES, <br><br> *Plaintiff*, <br><br> v. <br><br> ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States, <br><br> *Defendant*. | Case No. 1:12-cv-1332 (ABJ) |

**JOINT STATUS REPORT**

Pursuant to this Court's November 27, 2012 Minute Order, Plaintiff Committee on Oversight and Government Reform, U.S. House of Representatives ("Committee"), and Defendant Eric H. Holder, Jr., Attorney General, through counsel, respectfully submit this Joint Status Report.

1. *Commencement of 113th Congress/Mootness*.

**Plaintiff:** The 112th Congress ended at noon on January 3, 2013, and the 113th Congress commenced thereafter. *See* U.S. Const. amend. XX, §§ 1, 2; 159 Cong. Rec. H1, H5 (daily ed. Jan. 3, 2013). On the afternoon of January 3, 2013, the House of Representatives, among other things, adopted H. Res. 5, 113th Cong. (2013), and H. Res. 6, 113th Cong. (2013). *See* 159 Cong. Rec. at H22 (vote on H. Res. 5); *id*. at H23 (vote on H. Res. 6). House Resolution 5, among other things, (i) authorized the Committee "of the One Hundred Thirteenth Congress to act as the successor in interest to the Committee . . . of the One Hundred Twelfth Congress with

respect to" this lawsuit, H. Res. 5, § 4(a)(2)(A)(i), *reprinted in* 159 Cong. Rec. at H8; (ii) authorized the Chair of the Committee (when elected) "to take such steps as may be appropriate to ensure continuation of" this lawsuit, H. Res. 5, § 4(a)(2)(A)(ii), *reprinted in* 159 Cong. Rec. at H8; and (iii) authorized the Chair of the Committee (when elected) "to issue subpoenas related to the investigation into the United States Department of Justice operation known as 'Fast and Furious' and related matters." H. Res. 5, § 4(a)(2)(B), *reprinted in* 159 Cong. Rec. at H8.

By adopting H. Res. 6, the House, among other things, elected the Honorable Darrell E. Issa as Chairman of the Committee for the 113th Congress. *See* H. Res. 6, *reprinted in* 159 Cong. Rec. at H23.[1]

On January 3, 2013, after the House adopted H. Res. 5 and H. Res. 6, Chairman Issa issued a new subpoena to defendant Eric H. Holder, Jr., a copy which is attached to the Notice (Jan. 4, 2013) (ECF No. 31-1). The new subpoena is substantively identical to the October 11, 2011 subpoena which is attached as Exhibit A to the Complaint (Aug. 13, 2012) (ECF No. 1). The new subpoena was served on counsel for the Attorney General, and the parties agree that service has been properly effected. The response date on the new subpoena was January 7, 2013, at noon. The response time has passed and no responsive documents have been produced by the Attorney General to the Committee.

Contrary to the Attorney General's suggestion below, the Committee does not believe it is necessary that the Complaint be amended in light of (i) the fact that the new subpoena issued to the Attorney General on January 3, 2013, seeks identical documents over the same time period as the subpoena issued on October 11, 2011, and (ii) the Notice (Jan. 4, 2013) (ECF No. 31)

---

[1] H. Res. 5 and H. Res. 6, as adopted, also are available on-line at http://www.gpo.gov/fdsys/pkg/BILLS-113hres5eh/pdf/BILLS-113hres5eh.pdf, and http://www.gpo.gov/fdsys/pkg/BILLS-113hres6eh/pdf/BILLS-113hres6eh.pdf, respectively.

filed by the Committee on January 4, 2013, which places on the record the pertinent facts regarding the commencement of the 113th Congress and the issuance by Chairman Issa of the January 3, 2013 subpoena to the Attorney General.

Nevertheless, the Committee is prepared to amend the Complaint to recite the facts relevant to the commencement of the 113th Congress and the issuance by Chairman Issa of the January 3, 2013 subpoena to the Attorney General, in the event the Court believes such an amendment is necessary or otherwise appropriate. The Committee does not believe, however, that any such amendment would (i) in any way be relevant to any of the arguments advanced by the Attorney General in support of his motion to dismiss (including the legal arguments set forth below); (ii) require renewed negotiation between the Committee and the Attorney General (particularly given that litigation counsel for both parties currently are engaged in settlement discussions, and that counsel for the Committee communicated with counsel for the Attorney General as recently as January 4, 2013, regarding settlement); or (iii) require any new briefing.

**Defendant:** Because the House is not a continuing body, when the 112th Congress adjourned on January 3, 2013, the subpoena that was the subject of this dispute expired, and the dispute over that subpoena is therefore moot.

The House of Representatives of the 113th Congress has passed a resolution authorizing the newly constituted Committee on Oversight and Government Reform to continue this civil action; the Committee has issued a new subpoena related to Operation Fast and Furious; and the Counsel for the House has represented that this new subpoena seeks only the identical documents over the same time period as the subpoena issued on October 11, 2011, in response to which Defendant previously produced documents. There are certainly situations where the expiration of a Congress and associated subpoenas would render the case moot, or where the doctrine of

ripeness would prelude continued adjudication. In the particular circumstances here, however, and based on the representations of counsel for the House regarding the scope of the new subpoena, the Department does not believe that dismissal on ripeness or mootness grounds is required.

In Defendant's view, the House Committee must at the least amend its Complaint. Even assuming that the Committee's January 4, 2013, "Notice" pursuant to Federal Rule of Civil Procedure 25(d) is sufficient to address the change in parties, despite the fact that the 112th Congress has ceased to exist as a legal entity, *see Committee on Judiciary of United States House of Representatives v. Miers*, 542 F.3d 909 (D.C. Cir. 2008), such substitution of parties would not reflect the issuance of the new subpoena. If sufficient amendment occurs, it is Defendant's view that the Court may proceed to address the justiciability issues presented in the pending motion to dismiss.

However, the Department does believe that the expiration of the subpoena and the adjournment of the 112th Congress are relevant to the Department's argument that related Article III doctrines preclude maintenance of this litigation. In addition to the prudential reasons already set forth in the pending motion to dismiss, a number of factors have changed with the end of the 112th Congress, including new issues facing the parties in the wake of the elections, and the formation of a new House Committee that has not engaged in a process of negotiation and accommodation. These factors reinforce the conclusion that, as a matter of equitable discretion, this case is not the one to depart from a long historical practice under which inter-Branch subpoena disputes are resolved through negotiation, rather than by litigation.

2. *Settlement Discussions*. The parties, through their counsel, met on December 7, 2012. On December 28, 2012, defendant's counsel sent a letter regarding settlement to plaintiff's

counsel.  The response – from plaintiff's counsel to defendant's counsel – occurred on January 4, 2013.  No settlement has been reached as of this date.

    3.  *Presidential Communications Issue*.

**Plaintiff:** At the November 27, 2012 status conference, counsel for the Committee raised the question of whether the Attorney General contends that any documents that comprise the Post-February 4 Subset, as defined in the Complaint at ¶ 62, are "presidential communications," subject to the "presidential communications privilege," as that privilege has been described by the D.C. Circuit in *In re Sealed Case*, 121 F.3d 729, 736-40, 744-45 (D.C. Cir. 1997).  The Attorney General's response to that question has the potential to narrow the scope of the litigation.  To date, the Committee has not received a definitive answer to this question.  The Committee in no way concedes that the Attorney General properly may wait until this Court has resolved the pending motion to dismiss before he "state[s] definitively whether he intends to rely upon an assertion of the Presidential Communications component of Executive Privilege."

**Defendant:** As Defendant has previously informed Plaintiff, and as shown by the Attorney General's June 19 letter to the President setting forth the rationale for the President's assertion of Executive Privilege, the President did not assert the Presidential Communications component of Executive Privilege over the documents at issue in this case. After further review, defendant at this time does not anticipate relying on the Presidential Communications component of Executive Privilege in this case.  In any event, this issue is relevant only to the merits of this lawsuit, which would be reached only after the Court rules on Defendant's jurisdictional motion and only if that motion is denied.  If this lawsuit were to reach that stage, Defendant anticipates being prepared to state definitively whether he intends to rely upon an assertion of the Presidential Communications component of Executive Privilege.

Respectfully submitted,

*/s/ Kerry W. Kircher*
KERRY W. KIRCHER, D.C. Bar # 386816
General Counsel
WILLIAM PITTARD, D.C. Bar # 482949
Deputy General Counsel
CHRISTINE DAVENPORT
Senior Assistant Counsel
TODD B. TATELMAN
Assistant Counsel
MARY BETH WALKER, D.C. Bar # 501033
Assistant Counsel
ELENI M. ROUMEL
Assistant Counsel

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Tel: (202) 225-9700
Fax: (202) 226-1360

*Counsel for Plaintiff Committee on Oversight and Government Reform, U.S. House of Representatives*


STUART F. DELERY
Principal Deputy Assistant Attorney General
IAN HEATH GERSHENGORN
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
JOHN R. TYLER
Assistant Branch Director

*/s/ Eric Womack*
ERIC R. WOMACK
(IL Bar No. 6279517)
GREGORY DWORKOWITZ
(NY Bar Registration No. 4796041)
LUKE M. JONES
(VA Bar No. 75053)
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION

FEDERAL PROGRAMS BRANCH
Washington, D.C. 20001
Tel: (202) 514-4020
Fax: (202) 616-8470
eric.womack@usdoj.gov

*Counsel for Defendant Eric H. Holder, Jr., Attorney General*

January 7, 2012

## CERTIFICATE OF SERVICE

I certify that on January 7, 2012, I served one copy of the foregoing Joint Status Report by CM/ECF on all registered parties and by electronic mail (.pdf format), on:

    Ian Heath Gershengorn, Deputy Assistant Attorney General
    John R. Tyler, Assistant Branch Director
    Eric R. Womack, Trial Attorney
    Gregory Dworkowitz, Trial Attorney
    Luke M. Jones, Trial Attorney
    U.S. DEPARTMENT OF JUSTICE
    CIVIL DIVISION
    FEDERAL PROGRAMS BRANCH
    Washington, D.C. 20001
    ian.gershengorn@usdoj.gov
    john.tyler@usdoj.gov
    eric.womack@usdoj.gov
    gregory.p.dworkowitz@usdoj.gov
    luke.jones@usdoj.gov

                                  */s/ Kerry W. Kircher*
                                  Kerry W. Kircher