**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 12-1332 (ABJ) |
| LORETTA E. LYNCH, Attorney General of the United States, | ) ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER ON MOTION FOR CLARIFICATION

On June 29, 2016, defendant filed a motion in accordance with instructions set forth in the opinion of the Court of Appeals in *Judicial Watch, Inc. v. U.S. Department of Justice,* 813 F.3d 380 (D.C. Cir. 2016), a Freedom of Information Act ("FOIA") case that sought documents related to the above-captioned case before this Court.  *See* Def.'s Mot. for Clarification [Dkt. # 127] ("Def.'s Mot.").

The case before this Court, filed in 2012, concerned a congressional subpoena for documents from the House Committee on Oversight and Government Reform to the Attorney General.  On March 18, 2013, the Court ordered the parties to mediate in an effort to resolve their dispute. Order, March 18, 2013 [Dkt. # 41].  Two days later, on March 20, 2013, Judicial Watch submitted a FOIA request to defendant seeking any documents related to settlement discussions with plaintiffs in this case that were created between October 1, 2012 and March 20, 2013. *Judicial Watch, Inc.,* 813 F.3d at 382.  In response to the FOIA request, defendant notified Judicial Watch

that it was withholding the requested documents because they were "subject to court-imposed non-disclosure requirements." *Id.*

Judicial Watch sued, and the District Court hearing the FOIA case ruled in favor of the Department that the Department lacked discretion to release the documents. *Id.* The court based its ruling, in part, on a statement made by this Court at a status conference in the case. *Id.* at 382–83. Specifically, the District Judge held that this Court's statement

> at the January 10, 2013 status conference in the predicate House Committee litigation – "I don't know what you said. I don't want to know." – was "an *explicit* statement . . . instructing the parties to keep the substance of their settlement discussions private," so "there can be no doubt that there was a valid court-imposed restriction prohibiting disclosure."

*Id.*, quoting *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 65 F. Supp. 3d 50, 56 (D.D.C. 2014) (emphasis in original). None of the parties sought clarification from this Court before that decision was rendered.

Judicial Watch appealed, and the Court of Appeals for the D.C. Circuit held that the Department did not carry its burden to justify the withholding of records in the case. It found that while this Court's statement "clearly barred the parties from divulging the contents of their settlement discussions only to her," there was no extrinsic evidence to conclude that the Court intended to bar disclosure to third parties. *Judicial Watch, Inc.*, 813 F.3d at 383. Accordingly, it held that the Court's statement was ambiguous, and "[a]n ambiguous court order does not protect a record from disclosure pursuant to the FOIA." *Id.* at 383–84. Holding that the case may turn "upon whether Judge Jackson intended her order to bar disclosure," the Court of Appeals remanded the case to the District Court for further proceedings. *Id.* at 385. In connection with these proceedings, the defendant has filed the motion for clarification that is now before the Court.

In accordance with the request emanating from the Court of Appeals, the Court grants the motion for clarification without expressing an opinion on whether clarification was needed. It states the following:

1. The Court's orders in the instant case were reduced to writing, and they appear on the docket.

2. During a status conference in the case on January 10, 2013, the Court explored the likelihood of a negotiated solution and the parties' interest in formal mediation. In connection with that issue, the Court provided a summary of the history of the matter to date, which included the following:

   > [Y]ou've now reported to me that you met once on December 7th.
   >
   > Three weeks later, the defense counsel sent plaintiff's counsel a letter, and House counsel has responded to that letter. I don't know what you said. I don't want to know.

   Tr. of Jan. 10, 2013 Status Conf., Ex. A to Def.'s Mot., at 8.

3. In this isolated comment, the Court, given its role as the ultimate decision-maker in the matter, directed the parties not to inform *it* of the content of the settlement communications.

4. The statement – which bears none of the earmarks of an order – does not address the confidentiality of any ongoing or future settlement negotiations or mediation proceedings, and the Court was not asked to address and did not address that topic at any other point during the pendency of the case.

5. However, the Court ultimately referred the matter for mediation to United States District Judge Barbara J. Rothstein, who did issue the following orders that appear on the docket in this case:

> MINUTE ORDER: The Court hereby schedules a settlement conference for Tuesday, March 26, 2013 at 10 a.m. in chambers. The Court requests a memorandum from each party, not to exceed 10 pages, outlining the current status of the case, including a summary of all pending motions; the settlement history to date, including a summary of any issues that prevented settlement; and the parties' current settlement positions. The memoranda should not be provided to opposing counsel and should not be filed through ECF. Please submit the memoranda in hardcopy to chambers (Room 4311) directly by Friday, March 22 at noon. Signed by Judge Barbara Jacobs Rothstein on March 18, 2013.

Min. Order, Mar. 18, 2013.

> MINUTE ORDER. Mediation before Judge Barbara Rothstein is scheduled for November 12, 2013 at 10:00 a.m. Parties are instructed to provide directly to Judge Rothstein's chambers their respective memorandum as to the current state of settlement negotiations, their view on settlement, and what, in their view, would resolve the case. These memos, not to exceed 10 pages, will not be shared and are for the Court's eyes only. The memos are due November 7, 2013 at 9:00 a.m. SO ORDERED. Signed by Judge Barbara Jacobs Rothstein on 11/5/13.

Min. Order, Nov. 5, 2013.

> MINUTE ORDER. Mediation before Judge Barbara Rothstein is scheduled for July 24, 2014 at 1:00PM. Parties are instructed to provide directly to Judge Rothstein's chambers their respective memorandum as to the current state of settlement negotiations, their view on settlement, and what, in their view, would resolve the case. These memos, not to exceed 10 pages, will not be shared and are for the Court's eyes only. The memos are due July 21, 2014. SO ORDERED. Signed by Judge Barbara Jacobs Rothstein on 7/11/14.

Min. Order, July 11, 2014.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: June 30, 2016