IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>*Plaintiff*,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States,<br><br>*Defendant*. | Case No. 1:12-cv-01332 (ABJ) |

**JOINT MOTION FOR INDICATIVE RULING**

Pursuant to Federal Rules of Civil Procedure 60(b) and 62.1 and the conditional settlement agreement attached hereto as Exhibit A, and in light of changed circumstances, Plaintiff the Committee on Oversight and Government Reform of the U.S. House of Representatives and Defendant Jefferson B. Sessions III, in his official capacity as Attorney General of the United States (collectively, "the parties"), respectfully request that this Court issue an indicative ruling stating that, if the case is remanded by the court of appeals, this Court will (a) hold the case in abeyance pending the parties' efforts to achieve final resolution of their dispute in accordance with the terms of their conditional settlement agreement, and (b) if the parties thereafter jointly certify that they have achieved final resolution of their dispute in accordance with the terms of the agreement, this Court will vacate its orders of August 20, 2014 (ECF 81) and January 19, 2016 (ECF 117) and dismiss this action with prejudice.

The Federal Rules authorize relief from a judgment on the grounds that "applying it prospectively is no longer equitable" or for "any other reason." Fed. R. Civ. P. 60(b)(5) & (6).

The law is clear that district courts possess equitable discretion to grant vacatur of judgments in appropriate circumstances, including at the request of the parties in furtherance of a settlement. *See*, *e.g.*, *Doe v. U.S. Dep't of Labor*, No. Civ.A. 05-2449(RBW), 2007 WL 1321116 (D.D.C. Mar. 22, 2007); *Kim v. United States*, 903 F. Supp. 1546 (S.D.N.Y. 1995); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) ("[E]ven in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)."). Partial vacatur of judgments or orders in furtherance of settlement is likewise permissible. *See*, *e.g.*, *Hospira, Inc. v. Sandoz Inc.*, No. 09-4591 (MLC), 2014 WL 794589 (D.N.J. Feb. 27, 2014); *Fund for Animals v. Babbitt*, 967 F. Supp. 6 (D.D.C. 1997).

Where a district court cannot modify its order because it has been divested of jurisdiction by a pending appeal, it may nonetheless issue an "indicative ruling" indicating that it would do so if the court of appeals remanded for such purpose. *See* Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose . . . ."); *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted."); *West v. Holder*, 309 F.R.D. 54, 56

(D.D.C. 2015) (same); *see also* 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2911 (3d ed.) (discussing Rule 62.1).[1]

Equitable considerations strongly favor granting the requested relief here. The parties have reached a negotiated resolution of their dispute, contingent on vacatur of only the two specified orders. "Settlement is highly favored," *United States v. Hyundai Motor Co.*, 77 F. Supp. 3d 197, 199 (D.D.C. 2015), because "[n]ot only the parties, but the general public as well, benefit from the saving of time and money that results from the voluntary settlement of litigation." *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983). That is particularly true here, because granting the relief requested in order to effectuate the parties' conditional settlement will obviate the need for the courts to decide a dispute between the political branches that those branches are now prepared to resolve amicably. Accordingly, the relief requested by the parties is clearly in the public interest.

For the foregoing reasons, the Court should issue an indicative ruling stating that, if the case is remanded by the court of appeals, this Court will (a) hold the case in abeyance pending the parties' efforts to achieve final resolution of their dispute in accordance with the terms of their conditional settlement agreement, and (b) if the parties thereafter jointly certify that they have achieved final resolution of their dispute in accordance with the terms of the agreement, this Court will vacate its orders of August 20, 2014 (ECF 81) and January 19, 2016 (ECF 117) and dismiss this action with prejudice.

Respectfully submitted.

---

[1] Pursuant to Federal Rule of Appellate Procedure 12.1, if the district court states that it would grant the motion, the court of appeals may then "remand for further proceedings but retain[] jurisdiction unless it expressly dismisses the appeal."

*/s/ Thomas G. Hungar*
Thomas G. Hungar, General Counsel
Todd Tatelman, Associate General Counsel

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700
*Counsel for Plaintiff*


*/s/ John R. Tyler*
John R. Tyler, Assistant Branch Director
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 514-2356
*Counsel for Defendant*

March 7, 2018

## CERTIFICATE OF SERVICE

I certify that on March 7, 2018, I caused the foregoing document to be filed through the court's CM/ECF system, which I understand caused it to be served on all registered parties.

>*/s/ Thomas G. Hungar*
>Thomas G. Hungar