UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM, UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-1332 (ABJ) |
| JEFFERSON B. SESSIONS III, Attorney General of the United States, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

On March 7, 2018, the parties filed a joint motion requesting

> that this Court issue an indicative ruling stating that, if the case is remanded by the court of appeals, this Court will (a) hold the case in abeyance pending the parties' efforts to achieve final resolution of their dispute in accordance with the terms of their conditional settlement agreement, and (b) if the parties thereafter jointly certify that they have achieved final resolution of their dispute in accordance with the terms of the agreement, this Court will vacate its orders of August 20, 2014 (ECF 81) and January 19, 2016 (ECF 117) and dismiss this action with prejudice.

Joint Mot. for Indicative Ruling ("Joint Motion") [Dkt. # 130] at 1.

The parties direct the Court to Federal Rule of Civil Procedure 62.1. Joint Motion at 2 ("*See* Fed. R. Civ. P. 62.1 ('If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose . . . .')." The rule provides the Court with a number of additional options, though. The Court may:

1

>   (1) defer considering the motion;
>
>   (2) deny the motion; or
>
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. Proc. 62.1.  After a review of the material submitted to the Court to date, the Court is of the view that it requires additional information from the parties in order to determine which course to adopt.

The Joint Motion asks the Court to state that if the parties resolve their dispute in accordance with their settlement agreement, it will vacate two orders in addition to dismissing the action with prejudice.  Joint Motion at 1.  But the Supreme Court has held that "mootness by reason of settlement does not justify vacatur of a judgment under review."  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29 (1994).  It is true that the Court went on to explain:

> This is not to say that vacatur can never be granted when mootness is produced in that fashion.  As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course.  It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur – which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed.

*Id.*

Therefore, the parties are ORDERED to file a further submission that details the exceptional circumstances – other than the fact that the parties have reached a negotiated resolution of the their dispute, *see* Joint Motion at 3 – that would justify vacatur of the Court's orders dated August 20, 2014 and January 19, 2016.  The Court notes that it appears from the docket that the defendant has long since complied with the order dated August 20, 2014, as it was modified by Orders dated September 9, 2014 and October 6, 2014.  *See* Committee's Notice of Disputed Claims and Other Issues [Dkt. # 98] at 2 ("On November 4, 2014, the Attorney General produced to the

Committee a 1,311-page list (the 'privilege list') and 10,104 previously-withheld documents (totaling 64,404 pages).") And the parties must also address, in more detail than in the Joint Motion, why the proposed equitable relief is in the public interest. *See U.S. Bancorp,* 513 U.S. at 26.

Any submission in support of the motion must be filed by April 2, 2018.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: March 12, 2018