# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

COMMITTEE ON OVERSIGHT AND
GOVERNMENT REFORM, UNITED
STATES HOUSE OF
REPRESENTATIVES,

      Plaintiff,

v.

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

      Defendant.

Civil Action No. 1:12-cv-1332 (ABJ)

## JOINT SUPPLEMENTAL BRIEF
## IN SUPPORT OF MOTION FOR INDICATIVE RULING

**INTRODUCTION**

Pursuant to this Court's March 12, 2018 order, ECF No. 131, the parties submit this supplemental brief in support of their joint motion for an indicative ruling as to whether, in light of the parties' conditional settlement, this Court would vacate its orders of August 20, 2014, ECF No. 81, and January 19, 2016, ECF No. 117, and dismiss this action with prejudice upon final resolution of this dispute in accordance with the conditional settlement agreement. In that order, the Court directed the parties "to file a further submission that details the exceptional circumstances – other than the fact that the parties have reached a negotiated resolution of their dispute – that would justify vacatur of the Court's orders . . . ." ECF No. 131 (internal citation omitted).

Vacatur of this court's orders upon final resolution of this dispute in accordance with the conditional settlement agreement is consistent with principles of equity and is in the public interest. To begin, the parties respectfully submit that while a district court's decision to vacate its own orders is subject to equitable considerations, including the requirement that vacatur be in the public interest, it is not limited only to the "exceptional circumstances" identified in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). Instead, as *Bonner Mall* indicates and as multiple courts of appeals have held, district courts have discretion to vacate their own judgments under Rule 60(b) absent exceptional circumstances.

In any event, vacatur is in the public interest here for reasons beyond the mere fact that the parties have reached settlement. First, as this Court is aware, this case involves constitutional questions about the nature and scope of privileges between the Congress and the Executive, and the D.C. Circuit has "emphasized the avoidance of constitutional questions [is] one of the bases for vacatur." *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 353-54 (D.C. Cir.

1997) (citation omitted).  Second, settlement and vacatur in these circumstances are consistent with the D.C. Circuit's acknowledgement of the desirability of accommodation and compromise between the political branches when feasible in disputes of this kind.  Vacatur obviates any need for the courts to adjudicate a dispute between the political branches that those branches are prepared to resolve amicably.  Third, both sides favor vacatur, and settlement followed the prompting of this Court, which are both factors that counsel in favor of granting equitable relief. Finally, settlement and vacatur are in the public interest because they would conserve judicial resources, both in the D.C. Circuit and, potentially, in this Court in the event of a remand.

## BACKGROUND

This suit arose out of an attempt by the Committee of Oversight and Government Reform of the United States House of Representatives to enforce a subpoena it issued to the Attorney General of the United States.  In its initial decision, this Court held that the House had standing and a cause of action and rejected the argument that separation-of-powers concerns required dismissal of this case.  *Committee on Oversight & Gov't Reform v. Holder* ("*2013 Decision*"), 979 F. Supp. 2d 1, 3 (D.D.C. 2013).  On the merits, the Court granted the House's motion to compel in part and denied it in part, requiring the production of certain documents, and stating that "[w]hether any additional records or portions of records are to be produced is a matter to be resolved between the parties themselves."  *Committee on Oversight & Gov't Reform, U.S. House of Representatives v. Lynch* ("*2016 Decision*"), 156 F. Supp. 3d 101, 120 (D.D.C. 2016). Plaintiff appealed.  *See* Notice of Appeal, ECF No. 125.

The appeal was put into abeyance after the presidential election.  On March 7, 2018, the parties executed a conditional settlement agreement, by which the Department of Justice would make available materials to the Committee on Oversight and Government Reform, subject to

certain conditions defined in the agreement. *See* Conditional Settlement Agreement ¶¶ 5-8, ECF No. 130-1. The agreement specifically states that, "Settlement of the Parties' dispute is contingent upon vacatur of the District Court's orders of August 20, 2014 and January 19, 2016." *Id.* ¶ 1. Pursuant to that agreement, the parties submitted a joint motion to this Court for an indicative ruling about whether it would vacate those orders upon final resolution of this dispute in accordance with the conditional settlement agreement, ECF No. 130, and this Court entered an order requiring a further submission detailing the circumstances that would justify vacatur, ECF No. 131.

## ARGUMENT

### I.   A District Court's Decision to Vacate Its Own Order is Subject to Equitable Considerations, and Is Not Limited Only to "Exceptional Circumstances."

Vacatur of a district court decision is an "equitable remedy, not an automatic right." *Nat'l Black Police Ass'n v*, 108 F.3d at 351. As with any equitable remedy, "a court granting vacatur must also take account of the public interest." *Fund for Animals v. Mainella*, 335 F. Supp. 2d 19, 25 (D.D.C. 2004) (internal quotation marks omitted). A district court need not, however, determine that "exceptional circumstances" are present to grant a motion for vacatur.

Importantly, as the Supreme Court has indicated and multiple courts of appeals have held, the standard applicable to district courts considering whether to vacate their own judgments pursuant to Rule 60 differs from (and is less demanding than) the standard applicable to appellate courts asked to vacate district court judgments that have become moot. In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), interpreting *United States v. Munsingwear, Inc.*, 340 U.S. 46 (1950), the Supreme Court addressed the question of, "whether *appellate courts* in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought," *Bonner Mall*, 513 U.S. at 19

3

(emphasis added).  The Supreme Court held that when a judgment has been rendered moot by reason of settlement, the appellate court may vacate only upon a showing of "exceptional circumstances," which "do not include the mere fact that the settlement agreement provides for vacatur." *Bonner Mall*, 513 U.S. at 29.  Importantly, however, the Supreme Court expressly contrasted a reviewing court's limited vacatur authority with a district court's broader authority to vacate its own decisions pursuant to Federal Rule of Civil Procedure 60(b):

> Of course *even in the absence of*, or before considering the existence of, *extraordinary circumstances*, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

*Id*. (emphasis added).

In light of this guidance from the Supreme Court, the Ninth Circuit has held that a "district court may vacate its own decision in the absence of extraordinary circumstances." *Am. Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998).  Indeed, the Ninth Circuit concluded, the district court "need only balance the equities" when considering such a request. *Id*. at 1168-69.  The Seventh Circuit has followed the Ninth Circuit's reasoning. *See Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007).  The Seventh Circuit emphasized that "[*Bonner Mall*] said that the court of appeals can remand a case even in the absence of such [exceptional] circumstances, which would make no sense if the district court could not vacate its judgment in that absence." *Id*. at 1003.  The Eighth Circuit and Federal Circuit likewise have indicated that the "exceptional circumstances" standard does not govern the district court's authority to vacate its own judgment under Rule 60(b). *See Nahrebeski v. Cincinnati Milacron Mktg. Co.*, 41 F.3d 1221, 1222 (8th Cir. 1994) (explaining that, although the court of appeals saw "no 'exceptional circumstances'" that would allow it to

4

vacate the judgment below, the parties were free to ask the district court on remand to vacate its judgment pursuant to Rule 60(b)); *Zerowet, Inc. v. Bionix Dev. Corp.*, 56 F. App'x 499 (Fed. Cir. 2003) (concluding that vacatur by the court of appeals was not warranted under the exceptional circumstances standard, but that "it is appropriate to grant the alternative motion to remand to allow the parties to ask the district court to vacate its decision").[1]

Although we are not aware of a decision of the D.C. Circuit explicitly addressing the issue, the D.C. Circuit has routinely remanded vacatur requests to the district court without suggesting that the "exceptional circumstances" standard applies. For example, in *Chekkouri v. Obama*, No. 10-5033, 2010 WL 2689100 (D.C. Cir. 2010) (per curiam), the D.C. Circuit ordered that "the case be remanded to the district court with instructions to consider the government's request for vacatur of the memorandum opinion and order filed December 3, 2009." *Id.* at *1. Quoting *Bonner Mall*, the court explained that "a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request." *Id.*; *see also Doe v. Rumsfeld*, 172 Fed. Appx. 327 (D.C. Cir. 2006) (per curiam) (similar); *National Ass'n of Chain Drug Stores v. Thompson*, No. 03-5098, 2004 WL 574518 (D.C. Cir. 2004) (per curiam) (similar). Similarly, district courts in this circuit have concluded that a balancing of the equities is the proper inquiry, without explicitly considering whether there were "exceptional circumstances." *See, e.g.*, *Jewish War Veterans of the U.S. of*

---

[1] In *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000), the Fourth Circuit similarly concluded that *Bonner Mall* did not control when a district court was deciding whether to vacate its own prior opinion. *Id.* at 116-17. The court went on to conclude, however, that the "exceptional circumstances" standard still applied to a motion brought under Rule 60(b). *Id.* at 117-21. The Fourth Circuit did not explain how that conclusion could be reconciled with the Supreme Court's determination in *Bonner Mall* that a court of appeals may remand for a district court to consider vacatur under Rule 60(b) "even in the absence of . . . extraordinary circumstances." 513 U.S. at 29.

*Am., Inc. v. Mattis*, 266 F. Supp. 3d 248, 252 (D.D.C. 2017) ("A court, therefore, must balance the equities to determine if vacatur is in the public interest."); *Fund for Animals*, 335 F. Supp. 2d at 25 ("[A] court granting vacatur must also take account of the public interest.") (internal quotation marks omitted).  *But see 3M Co. v. Boulter*, 290 F.R.D. 5, 9-10 (D.D.C. 2013) (applying "exceptional circumstances" principle to vacatur analysis).

Finally, even if this Court determines that the "exceptional circumstances" test applies to a district court's decision to vacate its own decision, the parties respectfully submit that this Court should adopt a construction that follows that advanced by the Eleventh and Second Circuits. There, these courts applied a functional approach, based in the traditional principles of equity.  The Eleventh Circuit, for example, was clear that vacatur was an equitable determination, even in the context of a settlement agreement, thus rejecting a narrow reading of "exceptional circumstances."  *See Hartford Casualty Ins. Co. v. Rum & Forester Speciality Ins. Co.*, 828 F.3d 1331, 1337 (11th Cir. 2016) ("Apart from being plainly contrary to the equitable nature of the inquiry called for by [*Bonner Mall*], the District Court's erroneous bright-line approach also fails to recognize that the public interest is not served only by the preservation of precedent.  Rather, the public interest is also served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts.").  The Second Circuit has taken a similar tack.  *See, e.g., Microsoft Corp v. Bristol Tech., Inc.*, 250 F.3d 152, 155 (2d Cir. 2001) (stating that "[b]y its nature, circumstances that are 'exceptional' elude such limits or classification," and further considering several

equitable considerations relevant to its analysis).[2]   Such reasoning accords with the equitable

nature that is the hallmark of the vacatur remedy.   *See Nat'l Black Police Ass'n*, 108 F.3d at 351.

## II.   Vacatur of the District Court Orders is in the Public Interest.

As this court is aware, "this case arises out of a dispute between two branches of

government," *2013 Decision*, 979 F. Supp. 2d at 3, and involves sensitive questions about the

constitutional balance between Congress and the Executive, several of which this Court has ruled

upon in the context of this litigation, *see 2016 Decision*, 156 F. Supp. 3d at 104. Following this

Court's advice that "the parties . . . start with a fresh slate and resolve the few remaining issues

with flexibility and respect," *2016 Decision*, 156 F. Supp. 3d at 106, the parties have negotiated a

settlement that they anticipate will resolve all remaining issues in this case, contingent on vacatur

of two of this Court's opinions upon final resolution of this dispute in accordance with the

conditional settlement agreement. Under these circumstances, vacatur is in the public interest.

First, this case, and more specifically, the orders at issue in this motion, involve

constitutional questions about the scope of privileges between the Congress and the Executive, a

unique consideration that counsels in favor of vacatur. While the "establishment of precedent

argues against vacatur, not in favor it," *Mahoney v. Babbitt*, 113 F.3d 219, 223 (D.C. Cir. 1997);

*see also Bonner Mall*, 513 U.S. at 26-27, neither the Supreme Court nor the D.C. Circuit has held

"that the precedential value of a decision alone renders vacatur inappropriate," *Am. Family Life

Assur. Co. of Columbus v. FCC*, 129 F.3d 625, 631 (D.C. Cir. 1997). This case is the type of

circumstance where vacatur is in the public interest. As the D.C. Circuit has held, "it is a well-

---

[2] These courts considered whether to vacate a district court opinion, and thus did not
directly decide what standard applied when a district court considered vacatur in the first
instance. *See Hartford Casualty Ins. Co.*, 828 F.3d at 1334-37; *Microsoft Corp.*, 250 F.3d at
155.

established principle that courts should avoid unnecessarily deciding constitutional questions," and this Circuit has further "'emphasized the avoidance of constitutional questions as one of the bases for vacatur.'"  *Nat'l Black Police Ass'n*, 108 F.3d at 353-54 (quoting *Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) (en banc), and citing *Kremens v. Bartley*, 431 U.S. 119, 128, 133-34 (1977); *In re City of El Paso*, 887 F.2d 1103, 1106 (D.C. Cir. 1989)).

Furthermore, as the *en banc* D.C. Circuit has also held, "[v]acatur appears particularly appropriate where retention of the precedent creates a gratuitous conflict with a co-equal branch of government," and where it addresses a constitutional question that "would carry broad implications."  *Clarke*, 915 F.2d at 708.  In *Clarke*, that question involved the First Amendment status of a funding condition enacted by an appropriations bill.  Here, the parties dispute the asserted constitutional nature and scope of privilege claims between two co-equal branches, a question that need no longer be adjudicated given that the parties have tentatively resolved their dispute (such that the court of appeals will not be required to rule on the disputed constitutional claims at issue in this case).  "Vacatur also ensures that a decision on a constitutional matter of great significance and current public interest does not remain in force unreviewed."  *Nat'l Black Police Ass'n*, 108 F.3d at 354.  Finally, the public interest is not harmed if the orders themselves are vacated: "since the district court's opinion will remain 'on the books' even if vacated, albeit without any preclusive effect, future courts will be able to consult its reasoning."  *Id.*

Second, settlement and vacatur are consistent with considerations of inter-branch comity and the D.C. Circuit's acknowledgement of accommodation and compromise between the political branches when feasible in disputes of this kind.  While the Supreme Court has cautioned that the mere fact of settlement does not in itself justify vacatur, *Bonner Mall*, 513 U.S. at 29, settlement effected in the context of an inter-branch dispute calls for different considerations

8

than those raised in the routine commercial context that the Court faced in *Bonner Mall*. Specifically, the D.C. Circuit has encouraged the political branches "to seek optimal accommodation through a realistic evaluation of the needs of the conflicting branches in the particular fact situation." *United States v. Am. Tel. & Tel. Co.*, 567 F.2d 121, 127 (D.C. Cir. 1977); *see also United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 394 (D.C. Cir. 1976) (discussing the "suitability of a judicial suggestion of compromise [between the branches] rather than historic confrontation" when feasible). It necessarily follows that where, as here, the political branches have voluntarily reached a tentative resolution of their dispute, judicial accommodations necessary to effectuate that settlement are in the public interest, to a far greater extent than would be the case in a mere dispute between private parties. Similarly, the joint determination of the legislative and executive branches that the public interest would be best served by vacatur in light of the changed circumstances is worthy of judicial deference as a matter of inter-branch comity. *Cf. In re Al-Nashiri*, 835 F.3d 110, 127 (D.C. Cir. 2016) ("[W]e have invoked inter-branch comity to avoid exercising our equitable discretion to interfere with the prerogatives of coordinate branches of government.").

Third, both sides favor vacatur, and settlement emerged following the prompting of this Court. *See 2016 Decision*, 156 F. Supp. 3d at 106 ("[N]otwithstanding the Committee's insistence that the time for negotiation about these particular records has passed, the Court encourages the parties to start with a fresh slate and resolve the few remaining issues with flexibility and respect."); *id.* at 120 ("Whether any additional records or portions of records are to be produced is a matter to be resolved between the parties themselves."). Courts have repeatedly recognized that the fact that both sides (including the order's "winner," or the appellee) support vacatur counsels in favor of granting equitable relief. *See, e.g.*, *Sands v. NLRB*,

825 F.3d 778, 786 (D.C. Cir. 2016) ("[A]t oral argument neither the Board nor the union resisted Sand's request for vacatur. Keeping in mind that vacatur is an equitable remedy, we consider the opposing side's silence to be significant."); *Hartford Casualty Ins. Co.*, 828 F.3d at 1336 (concluding because the parties "did not begin their negotiations leading to settlement unprompted" and that "both parties to the settlement desire vacatur because settlement would otherwise be impossible" "weigh heavily in favor of vacating the District Court's orders."); *Major League Baseball Proprieties, Inc. v. Pacific Trading Cars, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (vacatur appropriate when "the victor in the district court wanted a settlement as much as, or more than, the loser did," and where "a vacatur of the district court's order and opinion was a necessary condition of settlement.").

The nature of the conditional settlement also counsels in favor of vacatur. Here, because the parties' conditional settlement agreement "is expressly conditioned on the District Court's orders being vacated, this is not the case of an appellant 'voluntarily forfeit[ing] his legal remedy by the ordinary processes of appeal or certiorari." *Hartford Casualty Ins. Co.*, 828 F.3d at 1336 (quoting *Bonner Mall*, 513 U.S. at 25-26)); *see also Major League Baseball Properties Inc.*, 150 F.3d at 152 ("[A] vacatur of the district court's orders was a necessary condition of settlement."). Thus, the concerns identified by *Bonner Mall* are not necessarily applicable here. Furthermore, to the extent that this case is now moot, it is in part because defendants have, contingent on settlement and vacatur, decided to produce additional documents to the plaintiff that are beyond the scope of this Court's orders. *See* Conditional Settlement Agreement, ECF No. 131-1. This is not, therefore, a situation where the losing party has unilaterally "moot[ed] his own case, then turn[s] around and ask[s] the court to wipe clean the slate of litigation." *Martin v. Houston*, 226 F. Supp. 3d 1283, 1297 (M.D. Ala. 2016). Indeed, the Tenth Circuit – in a decision cited

positively by the D.C. Circuit – concluded that government "defendants' conduct in complying with the settlement agreement constitutes responsible governmental conduct to be commended," thus justifying vacatur of the district court opinion in question. *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996)*, cited favorably by Nat'l Black Police Ass'n*, 108 F.3d at 353.

Finally, settlement and vacatur are in the public interest because they would conserve judicial resources, *i.e.*, would prevent the D.C. Circuit from having to consider and rule upon this case, and would eliminate the possibility of this Court having to adjudicate future proceedings in the event of a remand. As courts have determined, in the context of vacatur, "the public interest is also served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts." *Hartford Casualty Ins. Co.*, 828 F.3d at 1337; *see also Microsoft Corp*, 250 F.3d at 155 (concluding that "the exceptional circumstances [justifying vacatur] had to do with the facilitation of settlements that would obviate pending appeals," though further stating that "equitable vacatur is not limited to situations that serve the convenience of appellate courts"); *Am. Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG*, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010) ("[T]o allow vacatur here would avoid the expenditure of scarce judicial resources, both in the Court of Appeals, and potentially in this Court were the Opinion reversed and remanded."); *Barry v. Atkinson*, 193 F.R.D. 197, 200 (S.D.N.Y. 2000) ("The courts have undoubtedly been more flexible when vacatur would bring an end to the tortured history of a litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal.").

## CONCLUSION

For these reasons, and those set out in their joint motion for an indicative ruling, the parties respectfully submit that vacatur upon final resolution of this dispute in accordance with the conditional settlement agreement is in the public interest.

Dated: April 16, 2018                   Respectfully Submitted,

*/s/ Thomas G. Hungar*
Thomas G. Hungar, General Counsel
Todd Tatelman, Associate General Counsel

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700

*Counsel for Plaintiff*

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON
Virginia Bar No. 85519
Trial Attorney, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20530
Tel.    (202) 514-1944
Joseph.Borson@usdoj.gov

*Counsel for Defendant*

12

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 16, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Joseph E. Borson*
JOSEPH E. BORSON